STATE of Wisconsin, Plaintiff-Appellant,

v.

Harold BARKDOLL, Willard Barkdoll and Mabel Emilie Barkdoll, Anna Barkdoll, Eunice B. Schneider, and Phillip Schneider, Defendants-Respondents-Petitioners.

Supreme Court

*No. 78–272. Submitted on briefs October 29, 1980.— Decided November 25, 1980.*

(Also reported in 298 N.W.2d 539.)

For the petitioners the cause was submitted on the briefs of *Richard Bolte* of Wausau.

For the appellant the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Charles R. Larsen,* assistant attorney general.

SHIRLEY S. ABRAHAMSON, J.    The State of Wisconsin commenced an action in 1972 to quiet title to certain land in Oneida County, Wisconsin. The defendants responded claiming ownership of the land by adverse possession.

After trial, the circuit court found title to the property to be in the State beginning in 1907 and continuing thereafter, but held that the defendants had acquired ownership of the property by adverse possession. On appeal, in an unpublished opinion filed September 25, 1979, the court of appeals found title to be in the State beginning in 1907 and continuing thereafter, but concluded that the defendants had not established adverse possession. The court of appeals reasoned that prior to the enactment of the statute in 1931 permitting adverse

possession against the State,[1] title to state-owned land could not be acquired by adverse possession and that defendants did not establish the requisite forty years of adverse possession subsequent to 1931 as the statute required. The court of appeals remanded the case for entry of judgment quieting title in the State. This court granted defendants' petition for review to consider the applicability of sec. 893.15, Stats., to the instant case. We conclude, for the reasons set forth, that the State's claim is not barred by sec. 893.15, Stats., and we affirm the decision of the court of appeals.

On review, the following facts must be considered as no longer in dispute. The State acquired the land in question by warranty deed dated December 21, 1907 and recorded on February 17, 1908. On May 20, 1912, the county clerk of Oneida county executed a tax deed to the land in question "for and on behalf of said State [of Wisconsin] and the County of Oneida" to Kate Pier. This tax deed was recorded on May 20, 1912. Within a month after the execution and recording of this tax deed the Oneida County Board recognized its error in taxing and deeding state-owned lands and cancelled its tax deed to Kate Pier. No instrument was recorded from 1912 to 1974 to reflect this cancellation of the tax deed. In October 1974, the county clerk of Oneida county prepared a synopsis of the minutes of the Oneida County Board meeting of June 13, 1912 setting forth the board's cancellation of the tax deed and its allowance of Kate Pier's claim for the amount of illegal taxes she paid. The synopsis was recorded on October 8, 1974, sixty-two years after the board meeting and two years after the State commenced this action.

The defendants argue that Kate Pier was record-owner of the land, that they acquired the title to the land by adverse possession as against Kate Pier, and that the State is barred by sec. 893.15, Stats., from asserting

---

[1] Sec. 893.10, Stats., was repealed, recreated and renumbered sec. 893.29, Stats. 1979–80, by sec. 28, ch. 323, Laws of 1979.

its claim based on an unrecorded instrument executed more than thirty years prior to the date of the commencement of the action.

Before we reach the question of the applicability of sec. 893.15, Stats., we must deal with defendants' contention that, for purposes of determining defendants' claim of adverse possession, Kate Pier, not the State of Wisconsin, must be considered the owner of the land in question. Defendants argue that because the last conveyance on record between 1912 and 1974 was the tax deed to Kate Pier, she owned the land and defendants' claim of adverse possession should be deemed to run against her. Adverse possession for the requisite statutory time having been established against an owner other than the State, defendants assert they have acquired title to the land in question by adverse possession.

The force of this argument is dependent upon the effect of the unrecorded cancellation of the tax deed. Defendants conclude that the unrecorded instrument is ineffective as against their claim. This conclusion misconstrues the protection afforded by the recording act.

In the suit before us Kate Pier has not and does not claim ownership of the land. Irrespective of the State's failure to record, Kate Pier could not claim ownership as against the State. Kate Pier was a party to the transaction cancelling the deed. An unrecorded instrument is fully effective between the parties to the transaction.[2]

The question of who can claim that an unrecorded instrument is valueless depends on the recording statutes.[3]

---

[2] Van Alstyne, Jr., *Land Transfer and Recording in Wisconsin—Part I*, 1955 Wis. L. Rev. 44, 48, 67; 8 *Thompson on Real Property*, secs. 4290, 4291 (Grimes 1963 Replacement); 4 *American Law of Property* sec. 17.5 (1952); 6A *Powell on Real Property* Para. 914 (1980).

[3] Recording statutes forbid those who do not record their interest from asserting title against persons who innocently purchase land

The recording statutes define what unrecorded instruments are ineffective as to what classifications of persons. Sec. 706.08, Stats., a race-notice recording statute, provides that an unrecorded conveyance is void as against any subsequent purchaser of the real estate in good faith and for a valuable consideration whose conveyance is first recorded.[4] Thus the statute protects a prior unrecorded interest unless a claimant records his or her interest first and is a purchaser in good faith and for a valuable consideration. Unless a claimant meets these statutory requirements, the recording act provides no protection to the claimant as against a prior unrecorded interest.[5]

from the record owner. The theory is that if the fact of ownership is concealed the person concealing ownership cannot assert ownership to the detriment of one who acts in reliance upon silence. Aigler, *The Operation of the Recording Acts*, 22 Mich. L. Rev. 404, 405 (1924).

[4] Sec. 706.08, Stats., states:

"(1) (a) Every conveyance (except patents . . .) which is not recorded as provided by law shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate or any portion thereof whose conveyance shall first be duly recorded."

[5] Wisconsin has repeatedly held that only those who record first and are subsequent purchasers in good faith and for a valuable consideration are protected by the recording act. Thus in *West Federal S. & L. v. Inter State Investment*, 57 Wis.2d 690, 693, 694 (1977), it was stated that "while an unrecorded conveyance is void 'against any subsequent purchaser in good faith and for a valuable consideration . . . whose conveyance shall first be duly recorded,' it is valid against judgment creditors since they are not bona fide purchasers for value." *See also IFC Collateral Corp. v. Commercial Units, Inc.*, 51 Wis.2d 41, 186 N.W.2d 214 (1971); *Stanhilber v. Graves*, 97 Wis. 515, 73 N.W. 48 (1897). And in *Claridge v. Evans*, 137 Wis. 218, 223, 118 N.W. 198 (1908), the court held a mortgage, though unrecorded, gave the mortgagee a lien upon the mortgaged property, good as between the parties and as to all the world except subsequent purchasers or mortgagees in good faith and for a valuable consideration.

■■

The defendants do not meet these requirements. They are not subsequent purchasers in good faith and for a valuable consideration of the real estate whose conveyance was first recorded. Because they are not persons within the statutorily defined class of persons protected by sec. 706.08, Stats., against an unrecorded conveyance, defendants cannot challenge the State's claim of ownership on the ground that the State failed to record the cancellation of the tax deed which would have put record title to the land in the State. Thus, as to these defendants the State has legal title to the land, and defendants must prove adverse possession against the State.

■■

Because the land in question was state-owned land during the time period in question, defendants' claim of adverse possession cannot be sustained. The court of appeals decision correctly states that, in the absence of enabling legislation, title to state lands cannot be acquired by adverse possession. Wisconsin did not enact such legislation until 1931. Sec. 893.10, Stats. Because the defendants did not prove that they adversely possessed the land for forty years after 1931, their claim of adverse possession cannot be sustained.

We turn now to determine whether sec. 893.15, Stats., bars the State's claim.

Sec. 893.15, Stats., in pertinent part, provides as follows:

"893.15 **Action concerning real estate.** (1) Except as provided in sub. (5), no action affecting the possession or title of any real estate shall be commenced by any person, the state, or any subdivision thereof after January 1, 1943, which is founded upon any unrecorded instrument executed more than 30 years prior to the date of commencement of such action, or upon any instrument recorded more than 30 years prior to the date of commencement of the action, or upon any transaction

or event occurring more than 30 years prior to the date of commencement of the action, unless within 30 years after the execution of such unrecorded instrument or within 30 years after the date of recording of such recorded instrument, or within 30 years after the date of such transaction or event there is recorded in the office of the register of deeds of the county in which the real estate is located, some instrument expressly referring to the existence of such claim, or a notice setting forth the name of the claimant, a description of the real estate affected and of the instrument or transaction or event on which such claim is founded, with its date and the volume and page of its recording, if it be recorded, and a statement of the claims made. This notice may be discharged the same as a notice of pendency of action. Such notice or instrument recorded after the expiration of 30 years shall be likewise effective, except as to the rights of a purchaser for value of the real estate or any interest therein which may have arisen prior to such recording.

". . .

"(4) This section shall be construed to effect the legislative purpose of barring all claims to an interest in real property, whether dower (which for the purpose of this section shall be considered as based on the title of the husband without regard to the date of marriage) inchoate or consummate, curtesy, remainders, reversions and reverter clauses in covenants restricting the use of real estate, mortgage liens, old tax deeds, inheritance, gift and income tax liens, rights as heirs or under wills, or any claim of any nature whatsoever, however denominated, and whether such claims are asserted by a person sui juris or under disability, whether such person is within or without the state, and whether such person is natural or corporate, or private or governmental, unless within such 30-year period there has been recorded in the office of the register of deeds some instrument expressly referring to the existence of such claim, or a notice pursuant to this section. This section does not apply to any action commenced by any person who is in possession of the real estate involved as owner at the time the action is commenced, nor does this section apply to any real estate or interest therein while

the record title thereto remains in a railroad corporation or a public service corporation as defined in s. 184.01, or any trustee or receiver thereof, or to claims or actions founded upon mortgages or trust deeds executed by such corporations, or trustees or receivers thereof; nor does this section apply to any real estate or interest therein while the record title thereto remains in the state or any political subdivision or municipal corporation thereof.

". . .

"(6) The word 'purchaser' as used in this section shall be construed to embrace every person to whom any estate or interest in real estate shall be conveyed for a valuable consideration and also every assignee of a mortgage or lease or other conditional estate."

Sec. 893.15, Stats., is long and complicated; it is not written as clearly as it might be. Nevertheless, it is clear that the facts of the instant case put the State's claim beyond the reach of the statutory bar. Sec. 893.15 (1), Stats., expressly states that "[s]uch notice or instrument recorded after the expiration of 30 years shall be likewise effective, except as to the rights of a purchaser for value . . ." Sec. 893.15, Stats., is therefore inapplicable in the instant case because the State recorded the instrument upon which its claim is based after the expiration of thirty years and the defendants are not purchasers for value within the definition of sec. 893.15(1) or 893.15(6), Stats.

This construction of sec. 893.15, Stats., and the result we reach are consistent with the views of the commentators writing on the statute at the time of its enactment. In his 1942 article on the then newly enacted statute, Attorney Roy Tulane explained that "subsection (1) of the statute provides in effect that the period for filing is extended after thirty years until there is a sale to a 'purchaser for value' and that the statute by its terms protects purchasers for value of the real estate 'or any

interest therein'." *Title to Real Property—Thirty Year Limitation Statute,* 1942 Wis. L. Rev. 259, 264. In an address to the midwinter meeting of the State Bar Association on February 23, 1946, Attorney Ralph M. Hoyt similarly described sec. 893.15, Stats., as "providing a thirty-year limitation upon the assertion of interests in or claims against real estate as against purchasers for value." Hoyt, *Wisconsin Legislation of 1945 Affecting Real Estate and Probate Law,* 19 Wis. Bar Bull. 58, 63 (Feb. 1946).

Attorney Bryon H. Stebbins, who "was familiar with this law [creating sec. 893.15] during all the time of its passage through the legislature . . . [and had] discussed it before several regional and local bar meetings", 15 Wis. Bar Bull. 93 (1942), explained that sec. 893.15, Stats., protected purchasers for value. Attorney Stebbins advised attorneys in his article entitled *Significance of Chapter 293, Laws of 1941, In Connection With Examination of Titles to Real Property,* appearing in 15 Wisconsin Bar Bulletin 92 (1942), of the application of sec. 893.15 to purchasers for value as follows:

"[Sec. 893.15] is somewhat involved and possibly difficult to understand except upon careful analysis in the light of the result sought to be achieved. It is believed that the law should be given a broad, liberal interpretation so as to accomplish its obvious purpose 'to promote economy in land transactions by simplifying abstracts, reducing the cost of title insurance, and minimizing litigation . . .'

". . .

"So, construing subsecs. (1) and (4) together, the result is: *first,* that a purchaser for value need pay no attention to matters *more than* 30 years old unless there is of record within 30 years some evidence of the claim or unless the prescribed notice has been filed; *second,* that one not a purchaser for value takes the risk that matters *more than* 30 years old may be revived by the filing of the prescribed notice of claim, unless a prior grantee in the purchaser's chain of title was a purchaser

for value; and, *third,* that only a *bona fide* purchaser, i.e., one for value and without notice, actual or constructive, is protected as to matters *less than* 30 years old—as is the present rule under the recording act (sec. 235.49 Stats.)." 15 Wis. Bar Bull. at 94, 96.[6]

■

Construing sec. 893.15, Stats., to protect only purchasers for value is consistent with the legislative purpose, which was to permit a purchaser examining the record to rely on the record and not worry about old defects in the formal record title to the land. The statute was designed "to simplify and shorten examinations of record titles and otherwise reduce the legal costs incident to the sale of real estate". Tulane, *Title to Real Property—Thirty Year Limitation Statute,* 1942 Wis. L. Rev. 258, 259. *See also* Notes & Comments, *Conveyances —Section 30.15—The "Thirty-Year" Statute,* 1947 Wis. L. Rev. 681. The statute should therefore be interpreted to protect persons who would examine record title, not to protect persons who do not rely on record title. In *Herzog v. Bujniewicz,* 32 Wis.2d 26, 32, 145 N.W.2d 124 (1966), this court construed sec. 893.15, Stats., and stated that the "purpose of the section [is] to protect purchasers of real estate from stale claims and to make record title more readily marketable."[7]

---

[6] Sub. (4) of the original sec. 330.15, Stats. (later renumbered 893.15, Stats.) provided "This section shall be construed to effect the legislative purpose of allowing bona fide purchasers of real estate . . . dealing with the person, if any, in possession, to rely on the record title covering a period of not more than 30 years prior to the date of purchase." This clause was eliminated by Ch. 261, Laws of 1945.

[7] Sec. 893.15, Stats. (formerly numbered sec. 330.15, Stats.), was adopted by ch. 293, Laws of 1941, and is frequently referred to as the thirty-year statute. The Wisconsin "thirty-year statute" was one of the first statutes of its kind in the country to attempt to simplify the problem of land title examination. The statute is "an interesting combination of limitation statute and a marketable title

Attorney Stebbins explained the application of sec. 893.15, Stats., in determining the rights of the owner whose record title is more than thirty years old and the rights of a person claiming title under adverse possession. Attorney Stebbins concluded that the thirty-year statute as such would not give "squatters," who by definition are not purchasers for value, rights against an owner whose record title was more than thirty years old:

"If a squatter should move onto land where the owner's record title is more than 30 years old, thus dispossessing the record owner, the latter would not be without reme-

statute." Judicial Council Committee's Note—1979, 40K West's Wis. Stats. Annot., sec. 893.33 (1980–81 Pocket Part). The statute was the subject of much commentary at the time of its adoption and thereafter and there have been few cases in Wisconsin interpreting the statute. For a discussion of the thirty-year statute and similar legislation, *see, e.g.,* Stebbins, *Significance of Chapter 293, Laws of 1941, in Connection With Examination of Titles to Real Property,* 15 Wis. Bar Bull. 93 (1942); Tulane & Axley, *Title to Real Property—Thirty Year Limitation Statute,* 1942 Wis. L. Rev. 258; Hoyt, *The Thirty-Year Law Relating to Real Estate Titles,* 6 The Gavel 4 (July 1945); Hoyt, *Wisconsin Legislation of 1945 Affecting Real Estate and Probate Law,* 19 Wis. Bar Bull. 589 (Feb. 1946); Aigler, *Clearance of Land Titles —A Statutory Step,* 44 Mich. L. Rev. 45 (1945); Aigler, *Constitutionality of Marketable Title Acts,* 50 Mich. L. Rev. 185 (1951); Aigler, *Marketable Title Acts,* 13 U. of Miami L. Rev. 47 (1958); Recent Statute, 55 Harv. L. Rev. 886 (1942); Notes and Comments, *Conveyances—Section 330.15—The "Thirty-Year" Statute,* 1947 Wis. L. Rev. 681; Annot., *Construction of "marketable title," "ancient claims extinguished," and like statutes, terminating or limiting enforcement of rights, interests, and claims respecting real property, based on old records, instruments, or events,* 71 ALR 2d 846 (1960).

The principles of sec. 893.15, Stats., are applied in sec. 706.09, Stats., to selected transactions less than thirty years old and only in favor of bona fide purchasers. *See* Aiken, *Proposed Title Legislation: A Suggested Solution to the Problem of "Marketable Title,"* 50 Marq. L. Rev. 15, 28 (1966); Judicial Council Committee's Note —1979, 40K West's Wis. Stats. Annot., sec. 893.33 (1980–81 Pocket Part).

dy, for the last sentence of subsec. (1) permits the filing of a notice after 30 years effective as to everyone except a purchaser for value, and, obviously, a squatter is not such a purchaser. Likewise, a purchaser from a squatter could not well be a 'purchaser for value' as no one would pay real value to one who could produce no shadow of record title.

"The same thing would seem to be true in the case of a conveyance by a squatter's grantee, or by his grantee's grantee. Of course, if such persons maintained 20 years adverse possession, or even 10 years adverse possession under color of title (sec. 330.10 Stats.), the original owner would be barred without regard to [sec. 893.15]. So, [sec. 893.15] does not particularly affect such a situation.

". . .

"It has been suggested that a prospective purchaser has no means of determining whether his grantor or prior grantees were or were not purchasers for value. However, a prospective purchaser need not concern himself about that, since, if he is himself a 'purchaser for value,' and there is no notice on file, he may safely disregard matters *more than* 30 years old, for, as to him —a purchaser for value—no effective notice can be filed after the 30-year period has expired." 15 Wis. Bar Bull. at 100, 101.

Attorney Tulane's illustration of how sec. 893.15, Stats., applies to one claiming title by adverse possession is similar:

"[Suppose] the owner's deed is more than thirty years old, . . . he is out of possession and he has neglected to file the statutory notice.

"First, assume a squatter takes possession of land previously possessed by the owner, and holds for any period less than that required to give adverse possession. Can the owner eject him? Yes, for the squatter obviously has no shadow of a claim that he is a purchaser for value, and a notice of claim can be filed under the last sentence in subsection (1)." 1942 Wis. L. Rev. at 269.

*See also* Aiken, *Commentary on Proposed Title Legislation,* 36 Wis. Bar Bull. 9, 50, 51, 53 (April 1963) ; Aiken, *Proposed Title Legislation: A Suggested Solution to the*

*Problem of "Marketable Title"*, 50 Marq. L. Rev. 15, 19–20 (1966). We believe that these examples relating to squatters' rights under sec. 893.15, Stats., against owners whose record title was more than thirty years old are applicable to the case at bar.

These commentaries on sec. 893.15, Stats., are entitled to weight in the interpretation of the statute. Attorney Roy Tulane was the draftsman of the 1941 law creating sec. 893.15, Stats., and Attorney Stebbins, who was associated with Attorney Tulane in law practice in Madison, Wisconsin, drafted the 1945 amendments to sec. 893.15, Stats. Legisl. Ref. Bureau, Microfiche drafting records of Ch. 293, Laws of 1941 and Ch. 261, Laws of 1945. This court has in prior cases said that the written views (especially articles in scholarly publications) of persons intimately involved with the drafting of legislation are entitled to weight and can properly be considered as "an authoritative statement of legislative intention." *State v. Hoyt*, 21 Wis.2d 284, 299, 124 N.W. 2d 47, 128 N.W.2d 645 (1964). *See generally Wisconsin Valley Improvement Co. v. Public Service Comm.*, 7 Wis. 2d 120, 95 N.W.2d 767 (1959) ; *Muench v. Public Service Comm.*, 261 Wis. 492, 53 N.W.2d 515, 55 N.W.2d 40 (1952) ; Currie, *Appellate Courts Use of Facts Outside of the Record by Resort to Judicial Notice and Independent Investigation*, 1960 Wis. L. Rev. 39, 45–46.

Our construction of sec. 893.15(1), Stats., is confirmed by the revision of sec. 893.15, Stats., adopted by the legislature effective July 1, 1980. *See* sec. 893.33, Stats. 1979–80; sec. 28, ch. 323, Laws of 1979. The revision was prepared by the Judicial Council and the Council Committee's notes indicate that sec. 893.15(1), Stats., has been renumbered to be 893.33(2), Stats. 1979–80, and remains substantially unchanged. Sec. 893.33(2), Stats. 1979–80, provides:

"(2) Except as provided in subs. (5) to (9), no action affecting the possession or title of any real estate may be commenced, and no defense or counterclaim may be asserted, by any person, the state or a political subdivision or municipal corporation of the state after January 1, 1943, which is founded upon any unrecorded instrument executed more than 30 years prior to the date of commencement of the action, or upon any instrument recorded more than 30 years prior to the date of commencement of the action, or upon any transaction or event occurring more than 30 years prior to the date of commencement of the action, unless within 30 years after the execution of the unrecorded instrument or within 30 years after the date of recording of the recorded instrument, or within 30 years after the date of the transaction or event there is recorded in the office of the register of deeds of the county in which the real estate is located, some instrument expressly referring to the existence of the claim or defense, or a notice setting forth the name of the claimant, a description of the real estate affected and of the instrument or transaction or event on which the claim or defense is founded, with its date and the volume and page of its recording, if it is recorded, and a statement of the claims made. This notice may be discharged the same as a notice of pendency of action. Such notice or instrument recorded after the expiration of 30 years shall be likewise effective, except as to the rights of a purchaser of the real estate or any interest in the real estate which may have arisen after the expiration of the 30 years and prior to the recording."

Sub. (7) of sec. 893.33, Stats. 1979–80, a new provision, expressly states that only a purchaser or his or her successor can assert this section as a defense.

Sec. 893.33(7), Stats. 1979–80, provides:

"(7) Only the following may assert this section as a defense or in an action to establish title:

"(a) A purchaser of real estate; or

"(b) A successor of a purchaser of real estate, if the time for commencement of an action or assertion of a defense or counterclaim under this section had expired

at the time the rights of the purchaser in the real estate arose."

Sec. 893.33(1), Stats. 1979–80, defines purchaser as "a person to whom an estate, mortgage, lease or other interest in real estate is conveyed, assigned or leased, for a valuable consideration."

The Judicial Council Committee's Note—1979, 40K West's Wis. Stats. Annot. sec. 893.33 (1980–81 pocket part), explains that sec. 893.33, Stats. 1979–80, makes explicit that it protects only those who purchase for valuable consideration after the thirty-year period has run.

"(5) This draft makes explicit that only those who purchase for valuable consideration after the period of limitation has run or their successors may avail themselves of the benefits of this statute. There is no requirement that the purchaser be without notice, which is to be contrasted with s. 706.09 of the statutes where periods far shorter than 30 years are specified in many subsections."

We believe sec. 893.33(7) makes explicit that which was stated less clearly in sec. 893.15(1), Stats., namely that only purchasers for valuable consideration could avail themselves of the defense of sec. 893.15, Stats. The defendants, not being purchasers for valuable consideration, cannot assert the defense of sec. 893.15, Stats.

For the reasons set forth, we affirm the decision of the court of appeals.

*By the Court.*—Decision of the Court of Appeals affirmed.