Mark R. Zweber, Plaintiff-Appellant,

v.

Melar Ltd., Inc., Defendant-Respondent.

Court of Appeals

*No. 04–0538. Submitted on briefs June 28, 2004.—Decided August 3, 2004.*

2004 WI App 185

(Also reported in 687 N.W.2d 818.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Eric J. Magnuson* and *Joseph S. Lawder* of *Rider Bennett, LLP* of Minneapolis, MN.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Joe Thrasher* of *Thrasher, Doyle, Pelish & Franti, Ltd.* of Rice Lake, WI.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J.   Mark Zweber appeals a February 2004 nonfinal order of the circuit court denying his motion to amend a January 2004 order discharging the

lis pendens he had filed against the real estate under-lying this action.[1] Zweber argues the lis pendens must remain until all the appellate rights in litigation are exhausted or expired. We agree and reverse the order.

## Background

¶ 2.   Zweber's complaint, filed in May 2003, sought among other things specific performance of a contract to purchase real estate from Melar Ltd., Inc. Zweber recorded a lis pendens with the Barron County Register of Deeds pursuant to Wis. Stat. § 840.10(1).[2] Melar counterclaimed for slander of title.

¶ 3.   In January 2004, the circuit court granted summary judgment to Melar, dismissing Zweber's com-plaint. It also denied Zweber's motion for summary judgment on Melar's counterclaim and specifically noted the slander of title action was still pending. The court directed Melar to prepare an order reflecting those determinations. The proposed order Melar pre-pared discharged the lis pendens, even though Melar had not moved for that relief and the court had not addressed the issue. The court signed the order the same day that Zweber received a copy.

---

[1] We granted leave to appeal the nonfinal order on March 16, 2004. The January order both discharged the lis pendens and dismissed Zweber's case against Melar. That order dismiss-ing Zweber's claim has not been appealed because of a pending counterclaim. However, our decision reversing the February order effectively reverses the portion of the January order discharging the lis pendens. The portion of the January order dismissing Zweber's claims against Melar is not before this court and is not affected by this appeal.

[2] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

¶ 4.   At Zweber's request, the court held a telephone conference regarding the lis pendens order, staying it pending further argument. The court noted that Zweber could not appeal the order as a matter of right since the counterclaim was pending but rejected Zweber's argument that the lis pendens should remain in place until all avenues of appeal were exhausted. The court also stayed the discharge of the lis pendens for three weeks pending action from this court, but was disinclined to stay the order for any other reason, concluding that if any harm befell Zweber, money damages would provide an adequate remedy. Zweber filed a petition for leave to appeal, which we granted, along with a stay of the order discharging the lis pendens.

## Discussion

¶ 5.   Zweber contends that a lis pendens filed under WIS. STAT. § 840.10(1) should remain in place until the appeal period is expired or exhausted. Melar argues that a lis pendens need not continue when the only pleading justifying it—here, Zweber's request for specific performance of a land contract—has been dismissed and there is no guarantee that appellate rights will be pursued. The essential question, therefore, is at what point may a lis pendens be discharged. This requires analysis of both common law lis pendens and statutory lis pendens, presenting us with a question of law that we review independently of the circuit court. *Gaugert v. Duve*, 2001 WI 83, ¶ 15, 244 Wis. 2d 691, 628 N.W.2d 861.

¶ 6. In property law, a lis pendens serves as notice of pending litigation that may affect real estate. At common law, the rule was that "persons acquiring an interest in property that was the subject of a lawsuit were conclusively bound by the result of the litigation and their interest in the real property was subject to the litigants' rights as finally determined by the court." *Belleville State Bank v. Steele*, 117 Wis. 2d 563, 571, 345 N.W.2d 405 (1984). Thus, one objective of common law lis pendens was to preserve the status of the property pending the outcome of the litigation, thereby protecting the court's jurisdiction and giving finality to any judgment in the litigation. *Id.* at 571–72. The other objective at common law was notice: the commencement of judicial proceedings was considered so notorious that it served as constructive notice to prospective purchasers. *Id.*

¶ 7. There was, however, a jurisdictional limitation to common law lis pendens. For property to be affected by the litigation, it had to be located within the territorial jurisdiction of the court hearing the litigation. *Id.* at 572. Even with this limitation, common law lis pendens often yielded harsh results because purchasers lacking actual notice of pending litigation were nonetheless bound by its results. *Id.*

¶ 8. Many states, including Wisconsin, therefore enacted lis pendens statutes to require filing notice of litigation in the office where instruments affecting title were customarily recorded—like the register of deeds. *Id.* The first lis pendens statute in Wisconsin was enacted in 1856. *Id.* at 573. This statute has the same objectives as the common law: protecting the finality of judgments by preserving the status quo of the

161

property and providing notice to third parties of pending litigation.[3] *Id.* at 574–75. The statute is not, however, subject to the territorial limitations of the common law because prospective purchasers need only consult a county's register of deeds to determine whether property is encumbered by a pending lawsuit. *Id.* at 575.

¶ 9.  The current lis pendens statute in Wisconsin is Wis. Stat. § 840.10, which reads in relevant part:

> **(1)** (a) In an action where relief is demanded affecting described real property which relief might confirm or change interests in the real property, after the filing of the complaint the plaintiff shall present for filing or recording in the office of the register of deeds of each county where any part thereof is situated, a lis pendens . . . . From the time of filing or recording *every purchaser or encumbrancer* whose conveyance or encumbrance is not recorded or filed shall be deemed a subsequent purchaser or encumbrancer and *shall be bound by the proceedings in the action* to the same extent and in the same manner as if the purchaser or encumbrancer were a party thereto . . . .
>
> . . . .
>
> **(3)** The lis pendens may be discharged upon the condition and in the manner provided by s. 811.22 for discharging an attachment or by s. 806.19(1)(a) for satisfying a judgment . . . . (Emphasis added.)

██

¶ 10.  We conclude that, based on the language of Wis. Stat. § 840.10 and the objectives of both common law and statutory lis pendens, a lis pendens may not be

---

[3] Statutory lis pendens is wholly irrelevant between the parties to a lawsuit because they have actual notice of the pending litigation.

discharged until all opportunities for appeal[4] expire or are exhausted, except as provided otherwise by statute.

¶ 11. Wisconsin Stat. § 840.10(1) provides that subsequent purchasers "shall be bound by the proceedings in the action" to the same extent as the actual parties.[5] In any given action, the parties would naturally be bound by the results of appellate proceedings. Since purchasers are to be bound as if they were parties, they too must be bound by appellate proceedings. Thus, discharging the lis pendens before the

---

[4] Melar complains that Zweber failed to seek permission to appeal the dismissal of his contract action. However, because the slander of title counterclaim was still pending, Zweber was not required to appeal the merits of the contract claim until the counterclaim was also resolved. *See Brownsell v. Klawitter*, 99 Wis. 2d 407, 410, 299 N.W.2d 292 (Ct. App. 1980). Melar argues its slander of title counterclaim is analogous to a fee-shifting statute, like a statute allowing for attorney fees, and the rule on pending counterclaims therefore does not apply. We disagree. Slander of title is a tort. Wis. Stat. § 706.13(1).

[5] It is possible to dispute the meaning of proceedings. However, in the context of lis pendens, for the reasons explained in the main text, it makes the most sense to include appellate proceedings in the definition. Indeed,

> 'Proceeding' is a word much used to express the business done in courts. . . . [I]t may include in its general sense all the steps taken or measures adopted in the prosecution or defense of an action . . . . As applied to actions, the term 'proceeding' may include . . . (11) the taking of the appeal or writ of error; (12) the *remittitur* . . . ; (13) the enforcement of the judgment, or a new trial, as may be directed by the court of last resort.

Black's Law Dictionary 1221 (7th ed. 1999) (quoting Edwin E. Bryant, *The Law of Pleading Under the Codes of Civil Procedure* 3–4 (2d ed. 1899)).

expiration or exhaustion of the appellate process defeats both the notice and preservation objectives.[6]

¶ 12. Moreover, the determination that a lis pendens remains in effect until the appellate avenues are expired or exhausted is consistent with WIS. STAT. § 840.10(3), the only part of the statute that explains how a lis pendens may be discharged. Under § 840.10(3), a lis pendens may only be discharged upon the condition and in the manner specified in WIS. STAT. §§ 811.22 or 806.19(1)(a). These statutes read, in relevant part:

> **811.22 Return of property; damages on dismissal; entry in register's office.** When the defendant recovers judgment . . . subject to the plaintiff's rights on appeal, and he or she may maintain an action [for damages from the attachment] . . . . Upon the entry of final judgment in favor of the defendant or on satisfaction of a plaintiff's judgment, the clerk of court shall, if real estate was attached, certify the fact of the judg-

---

[6] For example, suppose the lis pendens in this case were discharged before an appeal of the merits. Zweber appeals and prevails on the specific performance claim but Melar has, in the meantime, sold the property. The courts would be placed in the difficult position of either enforcing Zweber's contractual rights at the expense of the bona fide purchaser or protecting the purchaser's rights at Zweber's expense. Maintaining the lis pendens throughout the appellate process avoids this conundrum. Potential purchasers have notice of the pending appellate determinations and simultaneously the status quo of the property is maintained. While Melar complains this unfairly burdens the property, we note that a lis pendens does not prohibit transfer of title, but only makes it subject to a future judicial determination. And, when a lis pendens is falsely or frivolously filed, a slander of title claim is the appropriate remedy. WIS. STAT. § 706.13(1); *Belleville State Bank v. Steele*, 117 Wis. 2d 563, 575, 345 N.W.2d 405 (1984).

ment or satisfaction, and on recording the certificate with the register of deeds in any county in which attached lands are situated the register shall enter the certificate upon the records of his or her office in discharge of the attachments.

**806.19 Satisfaction of judgments. (1)** (a) A judgment may be satisfied in whole or in part . . . by an instrument signed and acknowledged by the owner . . . signed and entered on the judgment and lien docket in the county where first entered . . . .

¶ 13. An attachment is released under Wis. Stat. § 811.22 when either (1) the defendant finally prevails against the plaintiff and the claims used to obtain the attachment are extinguished, or (2) the plaintiff prevails and the defendant satisfies the judgment so that the attachment is no longer needed to ensure payment. However, the defendant's final judgment is subject to the plaintiff's rights on appeal, and the plaintiff's judgment usually remains unsatisfied until after the appellate process is complete—it would be unusual for a defendant to satisfy the judgment and then appeal it. For the same reason, Wis. Stat. § 806.19(1)(a)—the satisfaction of judgment statute—implicitly relies on exhaustion or expiration of the appeals period because a defendant has no reason to satisfy a judgment he or she anticipates will be overturned on appeal.

¶ 14. In other words, the discharge of the lis pendens under Wis. Stat. § 840.10(3) is contemplated as the final, closing step in litigation the same way that the discharge of an attachment or a satisfaction of judgment concludes a case. After all the appeals are exhausted, either the plaintiff will have prevailed and the defendant will have to comply with the court's order

regarding disposal of property or the defendant will prevail and the plaintiff's claim against the property will be extinguished. In either case, once the property is handled according to the judicial order, circuit court personnel will be able to remove the lis pendens. Even if the statute did not provide any manner for discharge, the lis pendens itself would naturally cease to operate once the appellate process has expired or been exhausted because there will no longer be pending litigation.

¶ 15.   A lis pendens under WIS. STAT. § 840.10(1) must be maintained as long as there are pending proceedings in an action, including appellate proceedings. Maintaining the lis pendens serves the dual objectives found in the statute and common law, particularly the notice objective. Once all proceedings are concluded, the court may order the lis pendens discharged consistent with WIS. STAT. § 840.10(3).

*By the Court.*—Order reversed.