COURT OF APPEALS
DECISION
DATED AND FILED

August 1, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1885**

Cir. Ct. No. **2023SC5265**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

PHIL KLEIBOER AND HEATHER KLEIBOER,

    PLAINTIFFS-RESPONDENTS,

V.

STEPHEN ALVANOS AND SHAUNA ALVANOS,

    DEFENDANTS-APPELLANTS.

---

APPEAL from a judgment of the circuit court for Dane County: FRANK D. REMINGTON, Judge. *Affirmed*.

¶1    KLOPPENBURG, P.J.[1]  Stephen Alvanos and Shauna Alvanos, pro se, appeal a judgment of eviction against them in favor of Phil Kleiboer and Heather Kleiboer.  I reject the Alvanoses' arguments and affirm.

## BACKGROUND

¶2    In 2010, the Alvanoses began residing at property in Oregon, Wisconsin (the "property") pursuant to a land contract with the owners of the property.  At some point thereafter, the property was purchased by Roesler Inc. and the land contract was assigned to Roesler.  In 2017, the Alvanoses executed a quitclaim deed conveying their interest in the property to Roesler.  At some point thereafter, the Alvanoses and Roesler entered into a month-to-month lease of the property.

¶3    The Alvanoses attempted several times to obtain financing to purchase the property from Roesler, but were unsuccessful.  The last such attempt occurred in May 2023.  Roesler then conveyed the property to a different buyer, the Kleiboers, via warranty deed dated May 25, 2023.

¶4    On March 31, 2023, the Alvanoses filed a quiet title action, alleging that they owned the property and naming Roesler, and later the Kleiboers, as defendants.  Also on March 31, 2023, the Alvanoses recorded a lis pendens on the property giving notice of the quiet title action.  *See Zweber v. Melar Ltd., Inc.*,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.  The Alvanoses filed a motion asking that this case be decided by a three-judge panel pursuant to WIS. STAT. RULE 809.41(1)(a).  This court held the motion in abeyance pending completion of briefing.  I concluded that the Alvanoses have failed to show that a three-judge panel is appropriate and denied the motion in an order dated July 29, 2024.

2004 WI App 185, ¶6, 276 Wis. 2d 156, 687 N.W.2d 818 ("In property law, a lis pendens serves as notice of pending litigation that may affect real estate.").

¶5      The Alvanoses continued to reside at the property, and they did not pay any rent to the Kleiboers or anyone else.[2]  In July 2023, the Kleiboers served the Alvanoses with a 28-day notice terminating tenancy and requiring them to vacate by August 31, 2023.  The Alvanoses did not do so, and the Kleiboers brought this eviction action.

¶6      In October 2023, the circuit court held an evidentiary hearing in the eviction action.   During the eviction hearing, the circuit court received the warranty deed showing that the Kleiboers owned the property.  The Alvanoses argued that the "deed is wrong" and that they owned the property.  Specifically, the Alvanoses argued that they owned the property by "adverse possession" under "color of title."  The Alvanoses referred to numerous documents that, according to them, established a "chain of title"; they did not offer these or any other documents as evidence at the hearing.  The Alvanoses also argued that they were the victims of a "scheme" involving Roesler and the Kleiboers to wrongfully deny the Alvanoses financing to purchase the property.

¶7      The circuit court rejected the Alvanoses' argument that they owned the property and granted a judgment of eviction in favor of the Kleiboers.  The Alvanoses appealed in October 2023.

---

[2] The Kleiboers assert that, at this point, the Alvanoses were "holdover tenants … required to pay rent of $1,500 to [the] Kleiboers."  I do not consider what type of tenancy the Alvanoses may have had, or the terms of that tenancy, because those issues are not pertinent to any arguments made on appeal.

¶8    In November 2023, the circuit court in the quiet title action issued an order determining that the Kleiboers owned the property and dissolving the lis pendens.  An opinion resolving the Alvanoses' appeal in the quiet title action is issued simultaneously with this opinion.  *See Alvanos v. Roesler Inc.*, No. 2023AP2228, unpublished slip op. (WI App Aug. 1, 2024).[3]

## DISCUSSION

¶9    As an initial matter, I note that the Alvanoses' briefing is deficient in several ways, making it difficult to evaluate their arguments.  For example, contrary to the rules of appellate procedure, the Alvanoses frequently fail to support their arguments with citations to "the authorities, statutes[,] and parts of the record relied on;" and they assert many facts without "appropriate references to the record."  *See* WIS. STAT. RULE 809.19(1)(d), (e).  When the Alvanoses do cite to legal authority or the record, they often do not make clear how the cited material supports their assertions.  This court does not "serve as both advocate and judge" and may decline to address undeveloped arguments.  *State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992).  Although "some leniency" may be allowed to pro se litigants, they are nevertheless generally held to the same procedural requirements as represented parties.  *Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992).  I address Alvanoses' arguments to the extent that I can discern them, and to the extent that the Alvanoses intend to make

---

[3] The Alvanoses moved to consolidate their separate appeals in this eviction action and the quiet title action, and this court denied the motion.  Nevertheless, because the background and issues in these two actions substantially overlap, I discuss the quiet title action to the extent that it is helpful in addressing the Alvanoses' arguments in this appeal.

arguments other than those addressed in this opinion, I reject those arguments as undeveloped.

¶10    "[T]he ultimate issue in any eviction proceeding is simply who has the right to possession of the premises," and accordingly, "there are a very limited number of issues permissible in an eviction action." *Scalzo v. Anderson*, 87 Wis. 2d 834, 847-48, 275 N.W.2d 894 (1979). These issues are "(a) whether the relation of landlord and tenant exists between the parties; (b) whether the tenant is holding over; (c) whether proper notice was given; (d) whether the landlord has proper title to the premises, and (e) whether the landlord is attempting retaliatory eviction." *Id.* (citing *Clark Oil & Refining Corp. v. Leistikow*, 69 Wis. 2d 226, 234-35, 230 N.W.2d 736 (1975)).

¶11    On appeal, the Alvanoses appear to renew their argument challenging the Kleiboers' title on grounds that the Alvanoses own the property. However, the Alvanoses fail to support this argument with citations to the record or to legal authority. For example, the Alvanoses contend in their appellate briefing, as they did before the circuit court, that certain documents establish a "chain of title" showing ownership. However, no such documents were submitted to the circuit court or made part of the appellate record in this case, and in any event, the Alvanoses fail to explain how these documents establish that they own the property. As another example, the Alvanoses contend that they stand "morally and ethically firm in ownership" of the property, but they support this statement with no legal reasoning.

¶12    I note that the circuit court addressed the issue of ownership more thoroughly in the quiet title action, and that this court addresses and rejects the Alvanoses' arguments that they own the property in the opinion resulting from

their appeal from the quiet title judgment. *See Alvanos*, No. 2023AP2228. To the extent that the Alvanoses intend to make those or other ownership arguments in this appeal, I reject those arguments as undeveloped.

¶13 The Alvanoses also argue that the eviction action was unlawful because the lis pendens and the quiet title action "have privilege over eviction." I take this to be an argument that, because the Alvanoses placed ownership of the property at issue by filing the quiet title action and recording a lis pendens giving notice of that action, the Kleiboers were prohibited by law from obtaining a judgment of eviction.

¶14 This argument fails for at least the following reasons. First, it does not appear that the Alvanoses argued before the circuit court that the lis pendens prevented the Kleiboers from obtaining a judgment of eviction. Rather, as noted above, the Alvanoses' defense before the circuit court was that they own the property. Issues not raised before the circuit court are generally forfeited on appeal and appellate courts generally decline to address forfeited issues, for reasons such as ensuring that "both parties and the circuit court" have "notice of the issue and a fair opportunity to address" it. *State v. Ndina*, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612.

¶15 Although I could reject this argument solely on forfeiture grounds, I also reject it for other reasons. As noted above, the issues that may be litigated in an eviction action are limited and include only issues such as "whether proper notice was given" and "whether the landlord has proper title to the premises." *Scalzo*, 87 Wis. 2d at 848. The Alvanoses fail to explain how their lis pendens argument relates to any of these permissible issues. Further, the Alvanoses fail to develop any coherent legal argument as to why the lis pendens would prevent the

6

Kleiboers from obtaining a judgment of eviction. It is true (although the Alvanoses do not make this point) that a lis pendens precludes a property owner from taking certain actions; specifically, a lis pendens "effectively prevents the property's transfer until the litigation is resolved or the lis pendens is discharged." ***Ross v. Specialty Risk Consultants, Inc.***, 2000 WI App 258, ¶22, 240 Wis. 2d 23, 621 N.W.2d 669. However, the Alvanoses fail to explain how the lis pendens would have any legal effect beyond preventing transfer of the property.[4] The closest that the Alvanoses come to developing such an argument appears to be an assertion that "filing eviction" under such circumstances constitutes "Criminal Slander of Title, pursuant to [WIS. STAT. §] 943.60(1)." However, § 943.60(1) is a criminal statute prohibiting the "filing, entering or recording" of a "sham or frivolous" instrument "relating to a security interest in or title to real or personal property." The Alvanoses fail to explain how an eviction action is an "instrument" within the meaning of that statute, and more broadly, fail to explain how that statute relates in any way to an eviction action.

¶16 The remainder of the Alvanoses' briefing consists primarily of vague assertions of wrongdoing by the Kleiboers and Roesler. However, the Alvanoses generally fail to support these assertions with citations to the record. Moreover, the Alvanoses fail to develop any argument as to why, even if these assertions are

---

[4] The Alvanoses note that the warranty deed was recorded on June 5, 2023, five days after the Alvanoses recorded the lis pendens. However, the Alvanoses fail to explain how this fact is legally significant. The Alvanoses may intend to argue that, because the lis pendens was recorded before the warranty deed was recorded, the lis pendens rendered invalid the transfer of the property from Roesler to the Kleiboers. To the extent the Alvanoses intend to make this argument, I reject it as undeveloped. Additionally, I note that, even if unrecorded, an instrument transferring real estate "is fully effective between the parties to the transaction." ***State v. Barkdoll***, 99 Wis. 2d 163, 167, 298 N.W.2d 539 (1980). Here, the warranty deed is dated May 25, 2023, six days before the Alvanoses filed the quiet title action and recorded the lis pendens.

true, they provide any defense to an eviction action. For example, the Alvanoses appear to assert that they were unable to secure financing from lender Heartland Credit Union to purchase the property because Roesler delayed sending an offer to purchase document to the lender. The Alvanoses assert that this alleged delay was part of a "scheme," also involving the Kleiboers and the lender, to "defraud and commit theft of real property." The Alvanoses assert that the testimony given at the eviction hearing is the "catalyst" for various "proper lawsuits" that, according to the Alvanoses, they have brought against the Kleiboers and Roesler in both state and federal court. As stated, the Alvanoses fail to show that their assertions of a "scheme" to prevent them from purchasing the property have record support, or that these assertions relate to the issue of whether the circuit court erred in determining that the Alvanoses had no right to possession of the premises.

## CONCLUSION

¶17    For all of these reasons, I affirm the judgment of eviction.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.