[No. 17777.   Department Two.   May 21, 1923.]

# R. L. Morton, *Respondent*, v. John LeBlank, *Appellant*.[1]

Lis Pendens (7, 10)—Operation and Effect—Subsequent Purchasers—Complaint for Equitable Relief—Amended or Supplemental Pleadings—Effect.  The defendant's grantees took land subject to a *lis pendens*, and no abandonment of plaintiff's equitable claim was shown by a supplemental complaint, after appeal, where the *lis pendens* stated that the action was to enforce payment on a certain mortgage or delivery of a new mortgage, in default of which a lien on the land was sought, and after reversal of plaintiff's judgment, plaintiff's supplemental complaint asked for a judgment in a fixed sum which shall be declared a lien on the land.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered October 11, 1922, in favor of the plaintiff, upon overruling a demurrer to the complaint, in an action to quiet title. Reversed.

*George A. Brodie*, for appellant.

*Moulton & Jeffrey*, for respondent.

Parker, J.—This is an appeal from a judgment of the superior court for Benton county, quieting title in the plaintiff, Morton, as the grantee of one Eller, as against the claim of the defendant LeBlank, to a thirty-acre tract of land situated in that county. LeBlank's claim is rested upon a contract between himself and Eller, Morton's grantor, and a judgment rendered thereon awarding to LeBlank a lien upon the land to secure the payment of $2,000. Notice of the commencement and pendency of the action in which that judgment was rendered having been duly filed in the office of the auditor of Benton county before conveyance of the land by Eller to Morton, LeBlank now claims that Morton is bound by that judgment. The cause comes

[1] Reported in 215 Pac. 528.

to us upon the facts alleged in the complaint and supplemental complaint filed by Morton in this action, the demurrer by LeBlank upon the ground that no cause of action is stated in Morton's complaint and supplemental complaint, the order of the court overruling the demurrer, and the final judgment of the court quieting title in Morton as prayed for, which was entered upon LeBlank's election to stand upon his demurrer and not plead further. Thus is presented the question as to whether or not Morton's complaint and supplemental complaint filed in this action state facts entitling him to the relief prayed for and awarded by the judgment.

It seems necessary to a proper solution of our problem that we review the facts in detail and at considerable length. In October, 1918, LeBlank conveyed to Eller the 30-acre tract of land here in question, receiving in exchange therefor a conveyance from Eller of land in Klickitat county and the assumption by Eller, as his personal obligation, of the payment of $2,000 of a $4,000 mortgage then upon the land in question and another 34-acre adjoining tract owned by LeBlank. Soon thereafter, apparently in pursuance of their oral agreement relative to the taking care of the $4,000 mortgage, they entered into a written agreement looking to the payment by Eller, as a personal obligation in behalf of LeBlank, of $2,000 upon the indebtedness secured by that mortgage; which agreement reads in part as follows:

"Said $4,000 mortgage shall be allowed to remain on the entire 64 acres in Benton county, and shall be paid by the second party [Eller], provided, however, that the first party [LeBlank] may at any time discharge said mortgage as to his 34 acres and then the second party shall execute to him a second mortgage on the tract first above described [the land in question]

for the sum of $2,000 due in five years or before at 7%."

This was manifestly with a view of freeing Le-Blank's remaining 34-acre tract from at least $2,000 of the $4,000 mortgage obligation. On July 27, 1920, LeBlank commenced an action in the superior court for Benton county against Eller upon that agreement, and at the same time filed due notice of the pendency thereof in the office of the auditor of that county, as provided by § 243, Rem. Comp. Stat. [P. C. § 8452]. That notice, after stating the fact of the commencement of the action, specified demands made therein by LeBlank, in substance, that Eller be required, by a time to be stated by the court, to pay the $4,000 mortgage covering both tracts of land, or execute and deliver to LeBlank the $2,000 mortgage as contemplated by the agreement; that, in default thereof, LeBlank have judgment against Eller for the sum of $2,000, which shall be decreed to be a lien upon the 30-acre tract in question, conveyed by LeBlank to Eller; and that such lien be enforced by sale of the land. On December 3, 1920, Eller, by warranty deed, conveyed the 30-acre tract of land in question, which had been conveyed to him by LeBlank, to Morton, this plaintiff; Morton having no record notice of encumbrances upon Eller's title thereto other than the $4,000 mortgage upon it and the adjoining tract, with which we are not here concerned, and the pendency of the action by LeBlank to have his claim of $2,000 against Eller enforced as a lien against the land, which it is claimed Morton was bound to take notice of because of the filing of the *lis pendens*. Such proceedings were had in that action that thereafter on January 26, 1921, a judgment was rendered by the court in that action, in

substance, that Eller execute and deliver to LeBlank, within fifteen days, a mortgage for $2,000 upon the 30-acre tract of land in question conveyed by LeBlank to him, and in the event of his neglect or refusal so to do, that LeBlank have a judgment against Eller for the sum of $2,000, which was decreed to be a lien upon the land, and thereafter the land was accordingly sold to satisfy such judgment. On February 11, 1922, this action was commenced by Morton against LeBlank, seeking the quieting of title in Morton to the 30-acre tract of land in question against the claim of LeBlank made under his contract with Eller of January 8, 1919, and the judgment rendered in the action above noticed. The foregoing appears from the allegations of Morton's original complaint and the filing thereof in this case.

Thereafter, on July 28, 1922, Morton filed his supplemental complaint in this action, the allegations of which, in addition to those contained in his original complaint, may be summarized as follows: At the time of the commencement of this action, the case of LeBlank against Eller "was pending on appeal in the supreme court of the state of Washington, and the judgment originally rendered by the superior court in said cause was thereafter reversed and said cause was remanded to the superior court for further proceedings." We quote this allegation of Morton's supplemental complaint, and here note that it is all the information the supplemental complaint gives us, as to the disposition of that case by this court. This manifestly had the effect of rendering the judgment in that action so appealed from and reversed, and the sale of the land made thereunder, of no effect; and, also, of continuing the pendency of that action in the superior court. Thereafter LeBlank filed in that action his so-

called "amended and supplemental complaint", by
the allegations of which he apparently somewhat elab-
orated upon the facts alleged in his original complaint,
though we have no means of comparing the allegations
of his original complaint in that action with his so-
called amended and supplemental complaint therein,
except as the claims of his original complaint are
stated in his notice of *lis pendens* filed in that action,
since Morton's complaint in this action does not set
out the original complaint in that action, thus com-
pelling us to look to the copy of the notice of *lis pen-
dens* set out in Morton's complaint herein for discovery
of the nature of that action as originally commenced.
The prayer of the amended and supplemental com-
plaint of LeBlank filed in that action was, in substance,
only that he have judgment against Eller for $2,000,
and that such judgment be declared to be a lien upon
the 30-acre tract of land in question which had been
conveyed by him to Eller, and that the land be sold to
satisfy such lien; there being no prayer therein that
Eller be required to execute the $2,000 mortgage as an
alternative to suffering a sale of the land to pay that
sum. Such proceedings were thereafter had in that
action that judgment was rendered therein in favor of
LeBlank and against Eller in substance as prayed for
in LeBlank's amended and supplemental complaint
therein, after which the land was sold accordingly.

On August 30, 1922, counsel for LeBlank filed in this
action his demurrer to the complaint and supplemental
complaint of Morton filed herein, upon the ground that
facts are not stated therein sufficient to constitute a
cause of action. On September 18, 1922, this demurrer
coming regularly on for hearing before the court, and
the court treating it as a demurrer to the original com-
plaint and the supplemental complaint, as though all

the facts alleged in both were alleged in one complaint, this evidently by consent of all counsel, entered its order overruling the demurrer. Thereafter, on October 11, 1922, LeBlank, electing to stand upon his demurrer and not plead further, judgment was entered as prayed for by Morton, quieting title to the 30-acre tract of land in question in Morton as against the claims of LeBlank; the judgment being rested wholly upon the facts alleged in Morton's complaint and supplemental complaint, above summarized. It is from this judgment that this appeal is prosecuted. We note here that it appears in both this case and the case of Le-Blank v. Eller, above mentioned, that the wives of LeBlank, Eller and Morton, respectively, were each parties with them in that action and this action. We have used the names "Morton", "LeBlank" and "Eller" separately, merely for convenience of expression.

Did Morton take title to the land in question subject to the final judgment rendered in the case of LeBlank against Eller, because of the original filing of the *lis pendens* in that case in the office of the auditor of Benton county? It hardly needs argument or citation of authority to demonstrate that that action was in its inception "an action affecting the title to real property" within the meaning of § 243, Rem. Comp. Stat. [P. C. § 8452], relating to the filing of "notice of the pendency of the action," to the end that a subsequent purchaser of the property in question "shall be bound by all proceedings taken after the filing of such notice to the same extent as if he were a party to the action;" since it was in its inception an action seeking the enforcing of the execution of a $2,000 mortgage upon the land of Eller to LeBlank, and, in the alternative, the direct foreclosure by LeBlank of what may well be

termed a claim of equitable lien upon the land for $2,000 as against Eller. In other words, that action was, in its last analysis, simply the seeking of a judgment subjecting Eller's interest in the land to a claim of lien thereon for $2,000; that is, to enforce the evidencing of such lien by the execution of a mortgage, in default of which a direct foreclosure of such lien was asked. It seems plain, therefore, that, had the first judgment remained in full force and effect instead of being reversed by this court, it would have established such a lien right in LeBlank as against Morton, as well as against Eller, his grantor, because Morton took conveyance of the land from Eller after the proper filing in the office of the auditor of Benton county of the notice of the pendency of that action, as provided by § 243, Rem. Comp. Stat. [P. C. § 8452]. We do not understand that counsel for Morton are here seriously contending to the contrary.

The only and real controversy here seriously made by the argument of counsel is as to whether or not LeBlank, by the filing of his amended and supplemental complaint in the action prosecuted by him against Eller, after the reversal of the first judgment rendered in that action and its remanding to the superior court "for further proceedings," in effect abandoned his equitable claim made against the land in his original complaint in that action, and thereby converted that action into a pure action at law for the mere recovery of a money judgment against Eller, and thereby his *lis pendens* ceased to be effective as against Morton as a purchaser of the land from Eller. The affirmative of this is the contention here advanced in behalf of Morton, and such seems to be the ground upon which the trial court finally decided this case in his favor upon the facts alleged in his complaint and supplemental complaint.

This contention might have some sound foundation upon which to rest if LeBlank's supplemental com-plaint and its prayer in that action evidenced an intent on his part to merely seek recovery of a personal money judgment against Eller and to have such judgment satisfied merely by the issuance of a general execution against any or all property held by Eller, and sale thereunder made of so much thereof as would be necessary to satisfy such personal judgment. But it seems plain to us that the record of that action, as here plead, does not show such an abandonment by LeBlank of his equitable claim made in his original complaint, by the allegations and prayer of his amended and supplemental complaint in that action. True, in his amended and supplemental complaint, as we have already seen, he did not pray for a decree requiring Eller to execute to him a $2,000 mortgage upon the land, and, in the alternative, for direct foreclosure of his claimed equitable lien thereon in default of the execution of such mortgage; but he did, in his amended and supplemental complaint, plainly pray for the latter in words as follows:

"Wherefore plaintiffs pray judgment against the said Ruie E. Eller and Lewis C. Eller, husband and wife, for the said sum of $2,000.00 with interest thereon from the 8th day of September, 1920, at the rate of 7 per cent per annum and the costs and disbursements of this suit, that said sum be decreed to be a lien upon and against the property heretofore described consisting of said 30-acre tract and the water rights mentioned in said contract, and further decreeing that said property be sold in the manner provided by law and the proceeds thereof applied to the payment of said judgment."

This prayer seems to have been fully warranted by the allegations of his amended and supplemental complaint. Thereafter judgment was rendered in that

action in favor of LeBlank, in substance, as so prayed for. Surely, this was not the seeking for, or the granting of, pure legal relief in a pure law action; but it was the seeking for, and the granting of, equitable relief in an equitable action, to wit, in the originally commenced equitable action. Moreover, it was the seeking for and granting in part of the identical equitable relief sought in the original complaint in that action. We are of the opinion, in so far as can be seen from the allegations of Morton's complaint and supplemental complaint in this action, that the notice of *lis pendens* filed in the action of LeBlank against Eller rendered Morton, his grantee, "bound by all proceedings taken after the filing of such notice to the same extent as if he were a party to the action," and the relief sought by Le-Blank's amended and supplemental complaint therein and the rendering of the judgment thereon was not such a departure from the originally pleaded cause of action and prayer for relief as to destroy the effect of the filing of the notice of *lis pendens*.

These considerations, we are quite convinced, call for a reversal of the order overruling the demurrer to Morton's complaint and supplemental complaint in this action, the reversal of the judgment quieting title in Morton to the land in question, and the remanding of the case to the superior court for further proceedings in harmony with the views herein expressed. It is so ordered, and the case is remanded to the superior court with directions to sustain LeBlank's demurrer to Morton's complaint and supplemental complaint; Morton to have the privilege within a reasonable time to further plead, if he so desire.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.