# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CHRISTOPHER GUEST and SUZANNE GUEST, husband and wife,<br><br>                     Appellants,<br><br>    v.<br><br>DAVID LANGE and KAREN LANGE, husband and wife, and the marital community comprised thereof,<br><br>                     Respondents,<br><br><br>MICHAEL COE and CAROL COE, individually and as husband and wife, and the marital community thereof; and CAROL ANN WHITE and JOHN L. WHITE, individually and as husband and wife, and the marital community thereof,<br><br>          Third Party Defendants. | No. 47482-4-II<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>PUBLISHED OPINION |

WORSWICK, J. — This case asks us to determine whether filing a supersedeas bond prevents the cancellation of a notice of lis pendens after final judgment in the trial court. The trial court entered judgment against Christopher and Suzanne Guest in a property dispute and accepted the Guests' supersedeas bond to stay enforcement of the judgment pending appeal. The trial court then canceled a notice of lis pendens that the Guests had filed on David and Karen Lange's property. The Guests argue that the trial court lacked the authority to cancel the lis

pendens because they had filed a supersedeas bond. The Guests further argue that the trial court

abused its discretion by failing to rule on certain supersedeas bond-related evidentiary issues.

We agree with the Guests that the trial court lacked authority to cancel the lis pendens.

Therefore, we reverse the cancellation of the lis pendens and remand for additional proceedings

consistent with this opinion.

FACTS

The Guests and the Langes are neighbors in a development.[1] The original developer

recorded a declaration of covenants, conditions, restrictions, and reservations (CC&Rs), and a

document titled "Patio or Deck Easement" (Easement), both of which documents granted

easements for decks. The easement over the Guests' property covered an area of 5 feet by 21

feet for the Langes' deck.

By 2011, the Langes were concerned about the structural integrity of their deck and wanted

to rebuild it. They asked the Guests for permission to rebuild the deck in its original footprint, and

the Guests refused. Nevertheless, the Langes rebuilt the deck in the same footprint as the original

deck.

The Guests filed a complaint alleging various claims, including trespass, and that the

Langes had a duty under the CC&Rs to indemnify the Guests for all claims arising from the deck

---

[1] Under a separate cause number, the Guests and Langes appealed substantive issues from their property dispute. We recently affirmed. The Langes argue that the issues in this appeal are therefore moot. But because the time has not yet expired for the Guests to petition for review of that case, we hold that the issues in this appeal are not moot.

easement.[2] The Langes counterclaimed to quiet title and answered that the CC&Rs expressly granted each lot an easement to accommodate any encroachment due to, among other things, decks and patios.

Meanwhile, the Guests filed a notice of lis pendens against the Langes' property. The lis pendens provided notice to third parties that the Guests had sued the Langes to quiet title and to enforce the Langes' obligations under the CC&Rs and Easement.

The trial court dismissed several claims on summary judgment, and the case proceeded to a jury trial on the Guests' claims for trespass and breach of contract and on the Langes' claim to quiet title. The jury returned a special verdict in favor of the Langes on each claim. On September 19, 2014, the trial court dismissed all of the Guests' claims with prejudice, awarded judgment to the Langes on their claim to quiet title to the deck, and awarded the Langes attorney fees of $565. The Guests filed a Notice of Appeal on October 20.

On February 26, 2015, the Langes filed a motion to cancel the lis pendens. They argued that under RCW 4.28.320, the trial court had discretion to cancel the lis pendens because the action had been "settled, discontinued, or abated," and that all of the Guests' claims had been dismissed with prejudice. Clerk's Papers (CP) at 2. The Guests opposed this motion, arguing that the action had not been "settled, discontinued or abated" because the Guests intended to file a supersedeas bond under RAP 8.1(b) with the trial court, which bond would stay enforcement of

---

[2] Paragraph D of the Easement stated in relevant part that the grantor of the easement "shall not be liable for any injuries incurred by the Grantee, the Grantee's guests and/or third parties arising from the utilization of said easement and further Grantee agrees to hold Grantor harmless and defend and fully indemnify Grantor against any and all claims, actions, and suits arising from the utilization of said easement and to satisfy [any] and all judgments that may result from said claims, actions, and/or suits." *Guest v. Lange*, No. 46802-6-II, 2016 WL 3264419, at *1 (Wash. Ct. App. June 14, 2016).

the Langes' judgement. RCW 4.28.320. Indeed, on March 5, the Guests submitted cashier's checks for $4,000 as supersedeas bonds to stay two orders: the judgment and an order dismissing another party to the case below. It appears that only $1,000 of this total amount was intended to stay the Langes' judgment.

The Langes objected to the amount of the $1,000 supersedeas bond to stay their judgment. They argued that their true damages from a stay of enforcement of their judgment would be at least $215,000. In support of this amount, David Lange declared that the Langes had applied to refinance their home and had applied for a home equity loan after the final judgment in the case and that the bank refused to approve the refinancing or the loan due to the lis pendens. David Lange claimed that refinancing would save the Langes over $134,000 over the life of their loan, that some of the home equity loan would be used to pay off higher interest debt, and that they would incur about $50,000 of attorney costs and fees on appeal. Thus, the Langes argued, the supersedeas bond should be set at $215,000 to properly secure against their losses from a stay of enforcement of the judgment.

The Guests moved for leave to conduct discovery to test the accuracy of David Lange's statements in his declaration supporting the amount of damages from the supersedeas bond. The Guests also moved the trial court to strike hearsay portions of David Lange's declaration regarding statements from the bank.

On March 27, the trial court canceled the notice of lis pendens, finding that the cash supersedeas bonds on file in the amount of $4,000 were adequate to cover the Langes' damages

No. 47482-4-II

from the judgment being stayed in the absence of the lis pendens.[3]  The trial court did not rule on the Guests' motion to conduct discovery or to strike portions of David Lange's declaration.  The Guests appeal.

ANALYSIS

The Guests argue that the trial court erred by canceling the lis pendens because after they appealed, filed their supersedeas bond, and stayed enforcement of the judgment, the underlying action was not settled, discontinued, or abated as required for the cancellation of a lis pendens. We agree.

I. STANDARD OF REVIEW AND STATUTORY INTERPRETATION RULES

We review the decision to cancel a lis pendens for an abuse of discretion.  *See Beers v. Ross*, 137 Wn. App. 566, 575, 154 P.3d 277 (2007).  A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons.  *Teter v. Deck*, 174 Wn.2d 207, 215, 274 P.3d 336 (2012).  Untenable reasons include errors of law.  *Cook v. Tarbert Logging, Inc.*, 190 Wn. App. 448, 461, 360 P.3d 855 (2015), *review denied*, 185 Wn.2d 1014 (2016).

We review questions of statutory interpretation de novo.  *Flight Options, LLC v. Dep't. of Revenue*, 172 Wn.2d 487, 495, 259 P.3d 234 (2011).  We endeavor to give effect to a statute's plain meaning as the expression of legislative intent.  *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010).  We derive that plain meaning from the ordinary meaning of the language at issue, the statute's context, related provisions, and the statutory

---

[3] The court said the "cash supersedeas bonds on file in the total amount of $4,000.00" were sufficient. CP at 223.  This appears to refer to the combination of the two bonds the Guests filed: $1,000 to stay the Langes' judgment and $3,000 to stay the order dismissing another party.

5

scheme as a whole. *Lake*, 169 Wn.2d at 526. We may use an ordinary dictionary to discern the meaning of a nontechnical term. *Thurston County v. Cooper Point Ass'n*, 148 Wn.2d 1, 12, 57 P.3d 1156 (2002).

## II. LIS PENDENS STATUTE

A "lis pendens" is an "instrument having the effect of clouding the title to real property." RCW 4.28.328(1)(a). Either party to an action affecting title to real property, or a receiver of the real property, may file a notice of lis pendens with the county auditor. RCW 4.28.320. This filing is constructive notice to third parties that the title may be clouded. RCW 4.28.32 0. "In Washington, lis pendens is 'procedural only; it does not create substantive rights in the person recording the notice.'" *Beers*, 137 Wn. App. at 575 (quoting *Dunham v. Tabb*, 27 Wn. App. 862, 866, 621 P.2d 179 (1980)).

> RCW 4.28.320 governs when a court may cancel a notice of lis pendens. It provides that
>
> the court in which the said action was commenced may, at its discretion, at any time after the action shall be settled, discontinued or abated, on application of any person aggrieved and on good cause shown and on such notice as shall be directed or approved by the court, order the notice authorized in this section to be canceled.

Thus, the statute sets forth three conditions that must be met for the court to cancel a lis pendens: (1) the action must be settled, discontinued, or abated; (2) an aggrieved person must move to cancel the lis pendens, and (3) the aggrieved person must show good cause and provide proper notice. RCW 4.28.320. If those conditions are met, the statute provides the court discretion to cancel the lis pendens.

## III. ACTION WAS NOT SETTLED, DISCONTINUED, OR ABATED

Whether the filing of a supersedeas bond deprives the trial court of authority to cancel a lis pendens under RCW 4.28.320 because the action is not settled, discontinued, or abated is an

issue of first impression in Washington. We hold that under RCW 4.28.320, an action is not settled, discontinued, or abated when a supersedeas bond has been properly filed.

RCW 4.28.320 does not define the terms "settled," "discontinued," or "abated." Thus, we first turn to ordinary dictionaries to elucidate the meanings of these words. *Cooper Point Ass'n*, 148 Wn.2d at 12. *Webster's Dictionary* defines "settled" in relevant part as "unlikely to change or be changed" and "established or decided beyond dispute or doubt." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2079 (2002). It defines "discontinue" in relevant part as to "give up," to "end the operations or existence of," and "to abandon or terminate by a discontinuance or by other legal action." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 646 (2002). And it defines "abate" in relevant part as "to bring entirely down," to "put an end to," to "do away with," "to reduce or lessen in degree or intensity, and "to become defeated or become null or void (as of a writ or appeal)." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2 (2002). Thus, in an ordinary dictionary, these three terms convey finality. They suggest that the action must be completely over before a lis pendens may be canceled.

Further, *Black's Law Dictionary* defines "settle" in relevant part as to "end or resolve," "to bring to a conclusion." BLACK'S LAW DICTIONARY 1581 (10th ed. 2014). It defines "discontinuance" in relevant part as the "termination of a lawsuit by the plaintiff; a voluntary dismissal or nonsuit." BLACK'S LAW DICTIONARY 563 (10th ed. 2014). And it defines "abatement" in relevant part as the "suspension or defeat of a pending action for a reason unrelated to the merits of the claim," such as where a criminal action is ended due to the death of the defendant. BLACK'S LAW DICTIONARY 3 (10th ed. 2014). The legal definitions of these terms, therefore, also convey a sense of complete finality or voluntary dismissal.

As shown by these dictionary definitions, each of the three terms in RCW 4.28.320 requires finality. They contemplate either the abandonment of a case by the parties or the complete and final resolution of the action. We now turn to considering whether the filing of a supersedeas bond prevents an action from being sufficiently final to cancel a lis pendens.

A supersedeas bond is a means of staying enforcement of a trial court judgment while on appeal. RAP 8.1. "A trial court decision may be enforced pending appeal or review unless stayed pursuant to the provisions of this rule. Any party to a review proceeding has the right to stay enforcement of a money judgment, or a decision affecting real, personal or intellectual property, pending review." RAP 8.1(b). Thus, when a supersedeas bond is filed, the judgment cannot be enforced. The supersedeas bond is intended to preserve the "status quo between the parties." *Murphree v. Rawlings*, 3 Wn. App. 880, 882, 479 P.2d 139 (1970). The supersedeas bond amount should be enough to secure any money judgment plus the amount of loss which a party may be entitled to recover as a result of the inability of the party to enforce the judgment during review. RAP 8.1(c).

We hold that the Guests' supersedeas bond[4] rendered the action not "settled, discontinued, or abated." After a party timely appeals and files a supersedeas bond, the judgment is stayed and cannot be enforced until the appeal is resolved. The bond is intended to preserve the status quo—here, the status quo included the lis pendens. *Murphree*, 3 Wn. App. at

---

[4] We refer here to the successful filing of such a bond. We do not suggest that the mere deposit of a cashier's check would be sufficient; instead, the trial court must accept the payment and file the bond, staying the judgment.

882.  Because the action was not settled, discontinued or abated, the trial court erred by cancelling the lis pendens.

The Langes argue that the trial court properly cancelled the lis pendens because the trial court's judgment settled, discontinued, or abated the Guests' action.  In support of this argument, they cite cases that address the finality of a judgment for res judicata and other purposes.  They also cite *State ex. rel. Gibson v. Superior Court of Pierce County*, 39 Wash. 115, 117, 80 P. 1108 (1905), which states: "[A]n appeal and supersedeas does not destroy the intrinsic effect of a judgment; . . . notwithstanding the appeal, the judgment is still the measure of such of the rights of the parties as it adjudicates; and until reversed it operates as . . . *res judicata*, as effectively as it would had no appeal been taken, and no supersedeas bond given."  But the issue before us is not whether the trial court's *judgment* was final; it is whether the *action* between the parties was settled, discontinued, or abated when the Guests filed a supersedeas bond.  Notwithstanding the validity and res judicata effect of the trial court's judgment pending appeal, the action was not settled, discontinued, or abated by the issuance of the judgment alone where the trial court issued a supersedeas bond.

Indeed, the weight of authority from other jurisdictions suggests that an appeal preserves the lis pendens.  At common law, a notice of lis pendens carried through an appeal.  *See Bollong v. Corman*, 125 Wash. 441, 444-45, 217 P. 27 (1923); *Morton v. LeBlank*, 125 Wash. 191, 194-95, 215 P. 528 (1923).  And in the vast majority of states with comparable lis pendens statutes, a lis pendens endures through an appeal.[5]  However, we have previously held that the mere filing

---

[5] *See* D.C. CODE § 42-1207(d)(1) (2010); HAW. REV. STAT. § 501-151 (2012); VA. CODE ANN. § 8.01-269 (West 2014); *Ashworth v. Hankins*, 408 S.W.2d 871, 873 (Ark. 1966); *Top Rail Ranch*

No. 47482-4-II

of a notice of appeal does not prevent the cancellation of a lis pendens. *See Beers*, 137 Wn. App.

at 575. In *Beers*, we held that the trial court did not abuse its discretion in canceling the lis

pendens after a notice of appeal "because the Beerses did not request a stay." 137 Wn. App. at

575. But *Beers* does not analyze the language of RCW 4.28.320, and its holding appears

contrary to the statute's plain language. It appears to us that a notice of appeal, by transporting a

case from a trial court to a court of appeals, renders the action in that case not "settled,

---

*Estates, LLC v. Walker*, 327 P.3d 321, 334-35 (Colo. App. 2014); *Vonmitschke-Collande v. Kramer*, 841 So. 2d 481, 482 (Fla. Dist. Ct. App. 2002); *Vance v. Lomas Mortgage USA, Inc.*, 426 S.E.2d 873, 875 (Ga. 1993); *McClung v. Hohl*, 61 P. 507, 508 (Kan. Ct. App. 1900); *Weston Builders & Developers, Inc. v. McBerry, LLC*, 891 A.2d 430, 439-41 (Md. Ct. Spec. App. 2006); *Oldewurtel v. Redding*, 421 N.W.2d 722, 728 (Minn. 1988); *Slattery v. P.L. Renoudet Lumber Co.*, 82 So. 332, 333 (Miss. 1919); *State ex rel. Lemley v. Reno*, 436 S.W.3d 232, 235 (Mo. Ct. App. 2013); *Kelliher v. Soundy*, 852 N.W.2d 718, 726 (Neb. 2014) (suggesting that before the Nebraska legislature removed the phrase "settled, discontinued, or abated," a trial court never had authority to cancel a lis pendens until the time to appeal had expired, and noting that the "right to appeal usually extends the time for which property is subject to the lis pendens doctrine"); *Salas v. Bolagh*, 747 P.2d 259, 261 (N.M. Ct. App. 1987); *Lazoff v. Goodman*, 138 N.Y.S.2d 684, 685 (N.Y. App. Div. 1955); *It's Prime Only, Inc. v. Darden*, 152 N.C.App. 477, at *7 (N.C. Ct. App. 2002); *Hart v. Pharaoh*, 1961 OK 45, 359 P.2d 1074, 1079 (Okla. 1961); *Berg v. Wilson*, 353 S.W.3d 166, 180 (Tex. App. 2011); *Hidden Meadows Dev. Co. v. Mills*, 590 P.2d 1244, 1248 (Utah 1979); *Zweber v. Melar Ltd., Inc.*, 2004 WI App 185, ¶ 10, 276 Wis. 2d 156, 687 N.W.2d 818; *but see* CAL. CIV. PROC. CODE § 405.32 (West 1992) (requiring cancellation of lis pendens notice if the filer failed to prove his claim at trial); DEL. CODE ANN. tit. 25, § 1608 (West 1999) (granting discretion to cancel lis pendens if the filer is not likely to prevail); MICH. COMP. LAWS § 600.2731 (1970) (permitting courts to cancel lis pendens in certain circumstances during litigation); *Sloane v. Davis*, 433 So. 2d 374, 375 (La. Ct. App. 1983) (quoting LA. CODE CIV. PROC. ANN. art. 3753 (1960)) (holding that appeal did not prevent cancellation of lis pendens under statute reading in part that lis pendens shall be canceled "[w]hen judgment is rendered in the action or proceeding against the party who filed the notice of the pendency thereof . . . ."); *Inv'rs Title Ins. Co. v. Herzig*, 2010 ND 169, ¶ 33, 788 N.W.2d 312, 324 (quoting N.D. CENT. CODE § 28-05-08 (2001)) (holding that statute permitting cancellation of lis pendens "at any time" allowed cancellation during pendency of appeal); *Carolina Park Associates, LLC v. Marino*, 732 S.E.2d 876, 880 (S.C. 2012) (holding that appellants failed to state a claim regarding real property, therefore the lis pendens was improperly granted and could be canceled notwithstanding appeal).

discontinued, or abated." RCW 4.28.320. *Beers*, therefore, appears to conflate the two concepts of when a *judgment* is final and when an *action* is final.

Nevertheless, even following *Beers*, we find its facts easily distinguished. In *Beers*, the appellant took no action apart from appealing. 137 Wn. App. at 575. But here, the Guests did all they could to preserve the lis pendens. They filed a notice of appeal, filed a supersedeas bond, and stayed enforcement of the judgment. Even if a notice of appeal alone does not prevent the canceling of a lis pendens, we hold that the filing of a supersedeas bond does.[6]

The Langes also characterize their judgment as "self-executing" and argue that a supersedeas bond has no effect on a self-executing judgment. Br. of Resp't at 24. On that basis, they argue that *Beers* cannot be distinguished. We disagree, because the question of whether a judgment is self-executing does not bear on the finality of the underlying action. It is the action, not the judgment, which must be "settled, discontinued, or abated" for the trial court to have the authority to cancel a notice of lis pendens. RCW 4.28.320.

Our holding advances the policy concerns of the lis pendens statute. The purpose of lis pendens is to put potential purchasers on notice of ongoing litigation so that they are aware that

---

[6] The Langes argue that under *Cashmere State Bank v. Richardson*, 105 Wash. 105, 109, 177 P. 727 (1919), a trial court may cancel a lis pendens even if the appellant has superseded the judgment. In 1919, our Supreme Court held that a trial court did not err by canceling a lis pendens after dismissing an action on its merits because the "appellant was amply protected by its superseding the judgment." *Cashmere*, 105 Wash. at 109. *Cashmere* is a case about allegedly fraudulent mortgages and deeds, and the court's discussion focused on whether the plaintiff had failed to prove fraud. 105 Wash. at 106-09. The case does not discuss the issue before us: whether a supersedeas bond deprived the trial court of the authority to cancel a lis pendens. It does not discuss the requirements of RCW 4.28.320, although the statute's predecessor had been in effect since 1893. *See* REM. REV. STAT. § 243 (1893). In short, the single sentence in *Cashmere* that the Langes cite does not defeat the statutory language at issue in this appeal.

title may be clouded. RCW 4.28.320. When a party appeals a judgment in a real property case, litigation concerning the property is ongoing. Title to the property at issue may be clouded pending the outcome of the appeal. For a notice of lis pendens to protect the public as intended, it should remain in effect until the litigation is ended. And property owners are amply protected by the trial court setting a supersedeas bond in the proper amount, which should be sufficient to compensate them for any damages they would incur during appeal with the notice of lis pendens in place.

Thus, we hold that the trial court erred by cancelling the lis pendens because the Guests' appeal and supersedeas bond meant the action was not settled, discontinued, or abated. RCW 4.28.320. Because the trial court lacked the legal authority to cancel the lis pendens, it abused its discretion in doing so.[7] *Cook*, 190 Wn. App. at 461. We reverse the cancellation and remand for proceedings consistent with this opinion.[8] On remand, the trial court should ensure that the amount of any supersedeas bond is sufficient to compensate the Langes for any damages they incur due to the appeal and lis pendens.

---

[7] Because we hold that the trial court lacked the authority to cancel the lis pendens, we do not consider whether the trial court abused its discretion in canceling the lis pendens for other reasons.

[8] The Guests also argue that the trial court abused its discretion by failing to rule on their motions to conduct discovery related to the supersedeas bond amount and to strike portions of a declaration. It appears to us that the trial court did not rule on these motions because it cancelled the lis pendens. Because the trial court made no ruling for us to correct, and in light of our holding that the trial court lacked the authority to cancel the lis pendens, we do not reach this claim of error.

ATTORNEY FEES

The Guests request attorney fees pursuant to RAP 18.1 and under Section D of the Easement. The Guests argue that Section D, which indemnifies the Guests in the event of a lawsuit arising from the use of the deck, permits them to collect attorney fees from the Langes. We review indemnity agreements under the fundamental rules of contract construction, giving effect to the parties' intent as expressed through the plain language. *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wn.2d 165, 171, 110 P.3d 733 (2005); *Knipschield v. C-J Recreation, Inc.*, 74 Wn. App. 212, 215, 872 P.2d 1102 (1994).

Section D is not a basis for attorney fees in this action. Instead, its plain language reveals that it is an indemnity provision intended to protect the Guests from liability for injuries sustained on the easement portion of the Langes' deck. Its plain language applies to injuries arising from the "utilization of said easement." Suppl. CP at 461. *See City of Tacoma v. City of Bonney Lake*, 173 Wn.2d 584, 594, 269 P.3d 1017 (2012) (rejecting a similar argument). Therefore, we deny the Guests' request for attorney fees.

_____
Worswick, J.

We concur:

_____
Bjorgen. C.J.

_____
Lee, J.

13