IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JEANETTE K. PHILLIPS, an individual | ) | No. 79991-6-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CHRISTOPHER R. SMITH and JOELLE R. SMITH, a married couple, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

HAZELRIGG, J. — Jeanette Phillips seeks reversal of an order awarding Christopher and Joelle Smith their attorney fees incurred in seeking release of a lis pendens that Phillips filed after conveying real property to the Smiths in accordance with the court's order on summary judgment. Phillips argues that she was substantially justified in filing the lis pendens while the appeal of the summary judgment order was pending. Although we do not foreclose the possibility that a lis pendens could be appropriate in a similar factual scenario, the court did not abuse its discretion in awarding the Smiths attorney fees when Phillips did not have a good faith belief that she retained an interest in the property. We affirm.

## FACTS

The facts of the underlying dispute are detailed in this court's decision issued earlier this year affirming summary judgment for the Smiths. See Phillips

v. Smith, No. 78762-4-I (Wash. Ct. App. Mar. 23, 2020) (unpublished), http://www.courts.wa.gov/opinions/pdf/787624.pdf. In brief, Jeanette Phillips and Christopher and Joelle Smith executed a lease agreement with option to purchase concerning a house in Seattle that Phillips owned. Phillips, slip op. at 2, 4. The Smiths brought suit against Phillips to enforce the purchase option. Id. at 10. During a deposition, Phillips learned that the Smiths intended to sell the property to a third party. The trial court granted the Smiths' motion for summary judgment and directed Phillips to sell her house to the Smiths in accordance with the agreement. Id. Phillips appealed the summary judgment ruling. Id.

While the appeal was pending, Phillips requested that she be allowed to use her equity in the property to supersede the judgment. The court instead required Phillips to post $400,000 in cash or supersedeas bond to stay enforcement of the judgment. On December 15, 2018, Phillips informed the Smiths through counsel that she would not be posting the bond. Phillips' counsel noted that the appeal would continue even though she was unable to stay enforcement of the judgment and that, if she prevailed on appeal, the Smiths would "be liable to her for damages . . . equivalent to the difference between the $700,000.00 option price and the fair market value of the House at the time of closing." In accordance with the superior court's order on summary judgment, Phillips sold the property to the Smiths by statutory warranty deed on January 24, 2019 and received nearly $500,000 in proceeds.

On January 31, 2019, Phillips recorded a lis pendens on the property. The lis pendens stated:

> NOTICE IS HEREBY GIVEN that an action has been instituted and is now pending in the Superior Court of the State of Washington for King County, and is now pending in the Washington Court of Appeals. The parties to the action have asserted conflicting claims that affect title to [the subject property.]
> . . . .
> Subsequent to the filing of this notice, all persons dealing with the above-described real property situated in King County, Washington will take it subject to the Defendant's rights established in this action.

The Smiths moved to release the lis pendens, arguing that it constituted improper interference with their ownership rights in the property, and requested attorney fees. The court granted the motion, finding that there was "good cause pursuant to RCW 4.28.320 to release the post-judgment Lis Pendens filed against the property." The order did not address the Smiths' request for attorney fees. Phillips did not file a notice of appeal of this decision.

The Smiths then filed a separate motion requesting an award of their attorney fees incurred in obtaining the release of the lis pendens, arguing that Phillips was not substantially justified in filing the lis pendens. The Smiths initially requested an award of $30,312.00, with the caveat that the amount would rise as necessary to respond to any opposition to the motion. Phillips argued that the award would be improper because she was substantially justified in filing the lis pendens even though the court had ordered it released. In their reply, the Smiths updated their requested amount to $32,905.50.

The court granted the motion, finding that the standard hourly rates of the Smiths' attorneys were reasonable, the 150% contingency fee was reasonable, and the itemized hourly charges were reasonable and appropriate. The court ordered that, "[b]ecause Defendant Jeannette Smith [sic] has failed to establish a

substantial justification for filing the lis pendens, IT IS FURTHER ORDERED that Defendant Jeanette K. Phillips pay Plaintiffs' reasonable attorneys' fees incurred for having to bring Plaintiffs' Motion for Release of Lis Pendens and the instant motion in the amount of $21,708.00." Phillips appealed the order granting the Smiths' motion for attorney fees.

## ANALYSIS

I.    Scope of Appeal

As an initial matter, the parties dispute the appropriate scope of our review. "The scope of a given appeal is determined by the notice of appeal, the assignments of error, and the substantive argumentation of the parties." Clark County v. W. Wash. Growth Mgmt. Hr'gs Review Bd., 177 Wn.2d 136, 144, 298 P.3d 704 (2013). Generally, we review only the decision or parts of the decision designated in the notice of appeal. RAP 2.4(a). A timely appeal of a trial court's decision on attorney fees does not bring up for review a decision entered before the award of attorney fees unless a timely notice of appeal was filed for that decision. RAP 2.4(b); Carrara, LLC v. Ron & E Enterprises, Inc., 137 Wn. App. 822, 825, 155 P.3d 161 (2007). Similarly, we need not review unassigned errors. RAP 10.3(a)(4), (g) ("The appellate court will only review a claimed error which is included in an assignment of error or clearly disclosed in the associated issue pertaining thereto."); Unigard Ins. Co. v. Mut. of Enumclaw Ins. Co., 160 Wn. App. 912, 922, 250 P.3d 121 (2011).

Although she argues in her briefing that the court erred in releasing the lis pendens, Phillips' notice of appeal did not request that this court review the trial

court's March 25, 2019 order releasing the lis pendens. She assigns error only to the court's order granting the Smiths' motion for attorney fees. Because no timely notice of appeal was filed for the order releasing the lis pendens, the appeal of the attorney fee decision does not bring the prior order up for review, and Phillips did not assign error to the release, we will not review the trial court's March 25, 2019 order. Our review is limited to the order awarding the Smiths attorney fees.

II.     Award of Attorney Fees

Phillips contends that the court erred in finding that she was not substantially justified in filing the lis pendens and granting the Smiths' motion for attorney fees. Courts have discretion to award reasonable attorney fees and costs under RCW 4.28.328(3). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." Teter v. Deck, 174 Wn.2d 207, 215, 274 P.3d 336 (2012). Errors of law constitute untenable reasons. Guest v. Lange, 195 Wn. App. 330, 335, 381 P.3d 130 (2016). We may affirm a trial court order on any basis supported by the record. LaMon v. Butler, 112 Wn.2d 193, 200–01, 770 P.2d 1027 (1989).

A lis pendens is an "instrument having the effect of clouding the title to real property." RCW 4.28.328(1)(a). A plaintiff or defendant in an action affecting title to real property may file a notice of the pendency of the action at any time after the action has been commenced. RCW 4.28.320. This filing serves two purposes:

> First, the recording of the lis pendens serves as notice to prospective purchasers of the property that its title is subject to dispute and, thus, that the record owner's interest in the property is in question. Second, the filing of a lis pendens serves to freeze the status of the property in time—a party to the action in which the lis pendens is filed may not

alter the outcome of the underlying action by transferring the property
to another, because the cloud on the title follows the transfer.

Snohomish Reg'l Drug Task Force v. 414 Newberg Rd., 151 Wn. App. 743, 752, 214 P.3d 928 (2009). The lis pendens constitutes constructive notice to a subsequent purchaser that they will be bound by the proceedings following the filing of the notice to the same extent as if they were a party to the action. RCW 4.28.320. "In Washington, lis pendens is 'procedural only; it does not create substantive rights in the person recording the notice.'" Beers v. Ross, 137 Wn. App. 566, 575, 154 P.3d 277 (2007) (quoting Dunham v. Tabb, 27 Wn. App. 862, 866, 621 P.2d 179 (1980)).

A lis pendens may be cancelled under certain circumstances:

[T]he statute sets forth three conditions that must be met for the court to cancel a lis pendens: (1) the action must be settled, discontinued, or abated; (2) an aggrieved person must move to cancel the lis pendens, and (3) the aggrieved person must show good cause and provide proper notice.

Guest, 195 Wn. App. at 336 (citing RCW 4.28.320).

A claimant who files a lis pendens in an action is liable for damages to an aggrieved party who prevails in defense of the action unless the claimant establishes a substantial justification for the filing. RCW 4.28.328(3). A lis pendens is substantially justified when a claimant has a reasonable, good faith basis in fact or law for the belief that they have an interest in the property. S. Kitsap Family Worship Ctr. v. Weir, 135 Wn. App. 900, 912, 146 P.3d 935 (2006). If they had no substantial justification for filing the lis pendens, the claimant may also be liable for the aggrieved party's reasonable attorney fees and costs incurred in defending the action. RCW 4.28.328(3). "Damages and fees are appropriate

where the claimants provide no evidence of a legal right to the property." S. Kitsap Family Worship Ctr., 135 Wn. App. at 912. The fact that a court finds good cause to cancel a lis pendens does not necessarily mean that the claimant did not have a reasonable, good faith basis in fact or law for the belief that they had an interest in the property at the time the lis pendens was filed.

Phillips argues that she had a good faith belief that she retained an interest in the property because the action was still pending while on appeal. The Smiths respond that Phillips' failure to supersede the judgment and subsequent conveyance of a statutory warranty deed extinguished her interest in the property.

A lis pendens and a supersedeas bond have different effects on a pending action. A supersedeas bond prevents enforcement of certain trial court decisions while an appeal is pending. RAP 8.1. "Any party to a review proceeding has the right to stay enforcement of a money judgment, or a decision affecting real, personal or intellectual property, pending review." RAP 8.1(b). Although a lis pendens clouds the title to real property, it does not stay enforcement of a decision affecting real property or prevent a subsequent transfer.

"Under Washington law, a trial court judgment is presumed valid, and unless the judgment is superseded, a judgment creditor has specific authority to execute on that judgment." Spahi v. Hughes-Nw., Inc., 107 Wn. App. 763, 769, 27 P.3d 1233 (2001). Generally, a party does not have a reasonable basis to believe it has a right to a property after it conveys the property to a buyer with a statutory warranty deed and receives valuable consideration in exchange for the conveyance. S. Kitsap Family Worship Ctr., 135 Wn. App. at 913. The order

granting summary judgment for the Smiths and compelling the sale of the house is presumed valid and was not superseded, so the Smiths had the authority to execute on that judgment. When they did so, Phillips conveyed the property to them by statutory warranty deed in exchange for valuable consideration.

Phillips argues that, because she was unable to stay execution of the judgment, the lis pendens was necessary to preserve her right to seek recovery of the property if the Smiths sold it to a third party before she prevailed on appeal. If a party has satisfied a trial court decision requiring the transfer of property that is later modified on appeal, the trial court is ordinarily obligated to restore the property to the appellant. RAP 12.8; Spahi, 107 Wn. App. at 770. However, if a purchaser in good faith has acquired the property before the decision on appeal, the purchaser's interest "shall not be affected by the reversal or modification" of the trial court's decision. RAP 12.8. In this situation, the trial court shall take steps to restore to the appellant "the value of the property, or in appropriate circumstances, provide restitution." Id.

Phillips bases her argument that she retained an interest in the property while the appeal was pending primarily on an unpublished decision of this court, Western Washington Corporation of Seventh Day Adventists v. Rasmussen, noted at 140 Wn. App. 1020 (2007).[1] This unpublished opinion, which has no

---

[1] The Smiths request that the panel disregard Phillips' citation to this unpublished case. GR 14.1(a) provides that "[u]npublished opinions of the Court of Appeals have no precedential value and are not binding upon any court." Unpublished opinions "'should not be cited or relied upon in any manner,'" and courts may decline to consider cases cited in violation of this rule or impose sanctions sua sponte against counsel. Condon v. Condon, 177 Wn.2d 150, 166, 298 P.3d 86 (2013) (quoting Skamania County v. Woodall, 104 Wn. App. 525, 536 n. 11, 16 P.3d 701 (2001)); In re Marriage of Schnurman, 178 Wn App. 634, 645, 316 P.3d 514 (2013). Although we decline to impose sanctions, we will disregard this unpublished case.

precedential value under GR 14.1(a), bases its rationale largely on this court's statements concerning the purpose and effect of the lis pendens statute in United Savings & Loan Bank v. Pallis, 107 Wn. App. 398, 405, 27 P.3d 629 (2001). In United Savings & Loan, this court found that United, a third party purchaser who acquired an interest in property covered by a lis pendens, was not a good faith purchaser for value because the lis pendens provided constructive notice of another's interest in the property. Id. at 407–08. Therefore, its interest in the property was not protected under RAP 12.8 after a ruling affecting title to the property was reversed on appeal. Id. at 402–03, 408. This was true even though judgment had not been superseded. Id. at 406.

More recently, in Guest v. Lange, Division Two of this court concluded that the filing of a supersedeas bond prevents an action from being sufficiently final to cancel a lis pendens. 195 Wn. App. at 338. The court noted that this holding advanced the policy concerns of the lis pendens statute:

> The purpose of lis pendens is to put potential purchasers on notice of ongoing litigation so that they are aware that title may be clouded. When a party appeals a judgment in a real property case, litigation concerning the property is ongoing. Title to the property at issue may be clouded pending the outcome of the appeal. For a notice of lis pendens to protect the public as intended, it should remain in effect until the litigation is ended.

Id. at 341 (citations omitted).

United Savings & Loan and Guest suggest that there could be a scenario in which a lis pendens may be justified where a non-frivolous appeal is pending. However, the circumstances here do not indicate that Phillips believed in good faith that she retained an interest in the property. Phillips knew that the Smiths intended

to sell the property to a third party, and her counsel acknowledged in December 2018 that her recourse on reversal of the judgment would be monetary damages. As Phillips points out in her brief, the trial court's order did not transfer title to the Smiths but ordered Phillips to sell the house to the Smiths under the terms of the option lease agreement.

Phillips completed the sale of the property to the Smiths by statutory warranty deed in exchange for valuable consideration on January 24, 2019 and recorded the lis pendens one week later. The court ordered that the lis pendens be released on March 25, 2019. From the record before the court, there does not appear to have been any change in the status of the action between the recording of the lis pendens on January 31, 2019 and its release on March 25, 2019. Both events took place after Phillips' filing of the notice of appeal and after the conveyance of the property.

Although a finding of good cause to cancel a lis pendens does not compel the conclusion that there was no substantial justification for filing of the lis pendens, when there is no change in the status of the action between the time the lis pendens was filed and the time it was cancelled, this supports the conclusion that the lis pendens was not substantially justified when filed. The court's decision that good cause existed to cancel the post-judgment lis pendens implied that the lis pendens had not been filed in good faith. The record does not support Phillips' assertion that she believed in good faith that she maintained in interest in the property pending appeal of the summary judgment order. The court did not abuse its discretion in granting the Smiths attorney fees under RCW 4.28.328(3).

III.     Attorney Fees on Appeal

Both parties request an award of attorney fees on appeal under RAP 18.1 and paragraph 26 of the underlying agreement between the parties.  A party may recover its reasonable attorney fees or expenses on appeal if the fees are allowed by statute, rule, or contract and the request is made in accordance with RAP 18.1. RAP 18.1(a); In re Guardianship of Wells, 150 Wn. App. 491, 503, 208 P.3d 1126 (2009).  Paragraph 26 of the parties' agreement provided that "'[i]n the event this agreement is placed in the hands of an attorney for enforcement[,] the prevailing party shall be entitled to recover court costs and attorney fees.'" Phillips, slip op. at 19.  Each party set out its requests for an award of attorney fees in a dedicated section of its opening brief, as required by RAP 18.1(b).  Because the Smiths are the prevailing party, they are entitled to their attorney fees on appeal under RAP 18.1 and the agreement of the parties.

Affirmed.

WE CONCUR:

- 11 -