**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| MVP DEVELOPMENTS LLC, | No. 88413-1-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| JOHN R. WILSON and JACQUELINE M. WILSON, and ALL OCCUPANTS OF THE PREMISES LOCATED AT 19318 99TH AVE. SE, SNOHOMISH, WA, | |
| Appellants. | |

MANN, J. — John and Jacqueline Wilson[1] appeal trial court orders stemming from an unlawful detainer action granting a writ of restitution to MVP Developments LLC (MVP). Wilson challenges an order denying revision of orders canceling three lis pendens and awarding attorney fees and costs to MVP, and a second order awarding additional attorney fees and costs to MVP.[2] We affirm.

---

[1] Though the Wilsons were married at the time this appeal was filed, on April 13, 2026, Jacqueline Wilson filed a declaration with this court that included a final dissolution order filed in Pierce County Superior Court on October 17, 2025. Because all pleadings were signed by John Wilson only, we refer to him in the singular throughout.

[2] Wilson also assigns error to the trial court's denial of his motion for sanctions under CR 11 against MVP's counsel. But because Wilson does not address the order denying sanctions in his briefing, we decline to review it. See RAP 10.3; Christian v. Tohmeh, 191 Wn. App. 709, 728, 366 P.3d 16 (2015) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit appellate review.").

I

This appeal arises out of an unlawful detainer action brought by MVP under the Deeds of Trust Act (DTA), ch. 61.24 RCW, to eject the Wilsons from a house located in Snohomish, Washington (property).[3] MVP purchased the property at a nonjudicial foreclosure trustee's sale on March 8, 2024, after the Wilsons failed to make payments on their mortgage for 12 years. The trustee's deed upon sale was recorded in the Snohomish County Auditor's Office on March 15, 2024, at which point the Wilsons no longer held a title interest in the property and had no right of possession or redemption.

After the Wilsons refused to surrender the property, MVP filed a complaint for unlawful detainer on April 3, 2024. On April 30, 2024, the trial court commissioner granted an order directing the clerk of the court to issue a writ of restitution to MVP. On June 12, 2024, the Snohomish County Sheriff executed the writ, removed the Wilsons from the property, and delivered possession to MVP.

Wilson appealed the writ of restitution to this court arguing that the foreclosure trustee's sale did not comply with the DTA and was thus void. On January 20, 2026, we affirmed the writ of restitution in an unpublished opinion. MVP Devs. LLC v. Wilson, No. 87196-0-I, slip op. at 7 (Wash. Ct. App. Jan. 20, 2026) (unpublished), https://www.courts.wa.gov/opinions/pdf/871960.pdf.

On May 2, 2023, about 10 months before MVP purchased the property, Wilson recorded a lis pendens against the property (first lis pendens). On October 16, 2024,

---

[3] The facts are largely based on the trial court's June 18, 2025 order denying Wilson's motion for revision. Wilson does not challenge any of the trial court's findings and thus they are verities on appeal. See State v. O'Neill, 148 Wn.2d 564, 571, 62 P.3d 489 (2003); see also RAP 10.3(g).

despite no longer having an ownership interest or legal claim to redeem it, Wilson recorded another lis pendens against the property (second lis pendens).

On April 18, 2025, the trial court commissioner granted MVP's motion to cancel the first and second lis pendens after finding that Wilson had no substantial justification for recording them.

MVP successfully moved for an award of attorney fees and costs related to the cancellation of the two lis pendens, requesting $28,866 in fees and $725 for costs. On May 9, 2025, the trial court commissioner entered judgment against the Wilsons for $19,781.

On April 30, 2025, Wilson recorded a third lis pendens against the property. It stated that the previous two lis pendens had been unlawfully removed before "lawsuits were settled, discontinued or abated." Wilson did not serve the third lis pendens or alert MVP of its recording. Instead, MVP learned of the filing from a title company performing final due diligence for a pending sale of the property.

On May 23, 2025, the trial court commissioner granted MVP's motion to cancel the third lis pendens. The order included a finding that the third lis pendens was filed in bad faith.

On June 2, 2025, Wilson moved for revision of the trial court commissioner's orders canceling the first two lis pendens and awarding attorney fees. MVP opposed revision arguing that, under RCW 6.24.127(2)(b)-(e), foreclosed borrowers suing their lenders are barred from challenging the finality of a foreclosure sale or encumbering title to the property.

On June 12, 2025, the trial court commissioner granted MVP's motion for an award of attorney fees and costs related to the cancellation of the third lis pendens and entered judgment against the Wilsons for $8,141.

On June 18, 2025, the trial court denied Wilson's motion for revision of the commissioner's orders canceling the first two lis pendens, and awarding attorney fees and costs.

Wilson appeals.

II

Wilson argues that the trial court erred in denying his motion for revision of the commissioner's orders canceling the first two lis pendens and awarding attorney fees and costs. Wilson also argues that the trial court commissioner erred in canceling the third lis pendens and awarding additional attorney fees and costs to MVP. We disagree.

A

"After the superior court has decided [a] motion for revision, any appeal is from the superior court's decision, not the commissioner's." Winter v. Dep't of Soc. & Health Servs. on behalf of Winter, 12 Wn. App. 2d 815, 529, 460 P.3d 667 (2020).

We review orders canceling a lis pendens for abuse of discretion. Guest v. Lange, 195 Wn. App. 330, 335, 381 P.3d 130 (2016). And our review of fee awards resulting from a canceled lis pendens is twofold: the reasonableness for the award is reviewed de novo, while the award amount is reviewed for abuse of discretion. Samra v. Singh, 15 Wn. App. 2d 823, 838-39, 479 P.3d 713 (2020). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or

untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

B

Wilson asserts that the three lis pendens he recorded against the property were proper because (1) the foreclosure trustee's sale did not comply with the DTA; (2) the lis pendens affected the property's title because the first lis pendens was filed during a concurrent, then-pending federal case between Wilson and his lender; and (3) the lis pendens were beyond the reach of RCW 4.28.328.

As discussed above, we previously affirmed the writ of restitution to MVP after concluding that Wilson was not entitled to relief. MVP, No. 87196-0-I, slip op. at 1. And while the DTA allows foreclosed borrowers like Wilson to file certain claims for damages after failing to enjoin a foreclosure sale, RCW 61.24.127(1)(a)-(d), it subjects those claims to certain limitations

> (2) The nonwaived claims listed under subsection (1) of this section are subject to the following limitations:
> . . . .
> (c) The claim may not affect in any way the validity or finality of the foreclosure or a subsequent transfer of the property;
> (d) A borrower or grantor who files such a claim is prohibited from recording a lis pendens or any other document purporting to create a similar effect, related to the real property foreclosed on;
> (e) The claim may not operate in any way to encumber or cloud the title to the property that was subject to the foreclosure sale.

RCW 61.24.127(2)(c)-(e) (emphasis added). Thus, given that the DTA precluded Wilson from recording a lis pendens against the property, the trial court did not abuse its discretion in denying revision of the commissioner's orders canceling the first two lis pendens. Nor did the trial court commissioner err in canceling the third lis pendens.

C

Wilson challenges the orders awarding attorney fees and costs to MVP stemming from the cancellation of the lis pendens. RCW 4.28.328(2) states that "[a] claimant in an action not affecting the title to real property against which the lis pendens was filed is liable to an aggrieved party who prevails on a motion to cancel the lis pendens, for actual damages caused by filing the lis pendens, and for reasonable attorneys' fees incurred in canceling the lis pendens." Thus, as the party that prevailed, MVP was entitled to reasonable attorney fees and costs arising from the cancellation of each of the three lis pendens.

III

MVP seeks an award of attorney fees under RAP 18.1(a), which grants this court discretion to award reasonable attorney fees or expenses to a party that substantially prevails on review.

A prevailing party is entitled to attorney fees on appeal when "'there is a contract, statute, or recognized ground in equity,'" that provides for such an award. Umpqua Bank v. Shasta Apts., LLC, 194 Wn. App. 685, 699, 378 P.3d 585 (2016) (quoting Thompson v. Lennox, 151 Wn. App. 479, 491, 212 P.3d 597 (2009)). As we explained above, when an aggrieved party prevails on a motion to cancel a lis pendens, the claimant who recorded the lis pendens is liable "for actual damages caused by filing the lis pendens, and for reasonable attorneys' fees incurred in canceling the lis pendens." RCW 4.28.328(2). Thus, subject to compliance with RAP 18.1(a), we award MVP its reasonable attorney fees and costs on appeal.

We affirm.

_____Mann, J._____

WE CONCUR:

_____, ACJ