IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

VS DEVELOPING, LLC,

        Appellant,

        v.

BRMK PRIEST POINT, LLC; HACKER & WILLIG, INC., P.S.; and JOHN & JANE DOES 1-10,

        Respondents.

No. 85435-6-I

DIVISION ONE

UNPUBLISHED OPINION

HAZELRIGG, A.C.J. — VS Developing LLC held real property that was used to secure a $1.8 million loan from BRMK Priest Point LLC to VS Investment Assoc LLC. VS Investment defaulted on the loan and the trustee foreclosed and sold the property. Nine months later, VS Developing filed a complaint that alleged the sale was invalid as BRMK Priest Point's counsel, Hacker & Willig Inc. had acted as trustee. The trial court dismissed the claims on summary judgment. Because the relevant statute does not prohibit counsel for the beneficiary from acting as trustee and VS Developing failed to follow the statutory restraint procedure, VS Developing waived its claims and summary judgment dismissal of the complaint was proper. We affirm.

FACTS

Viktoria and Valentin Stelmakh[1] are the principals of VS Investment Assoc LLC and its affiliate VS Developing LLC.[2]  In 2016, VS Investment agreed to purchase largely undeveloped land located in Seattle, WA (development property) from BRMK Lending LLC, the parent company of BRMK Priest Point LLC (BRMK PP).  To purchase the land, on April 18, 2016, VS Investment accepted a loan from BRMK Lending in the amount of $1,880,000.  The Stelmakhs personally guaranteed the loan.  The loan was also secured by two deeds of trust,[3] one for the development property in Seattle and the other for real property located at 4415 Priest Point Drive, NW, Tulalip, WA (subject property) that was owned by VS Developing.

On multiple occasions over the next couple of years, VS Investment requested, and BRMK Lending agreed, to increase the loan amount and extend the maturity date on the loan.  Ultimately, the maturity date was extended to November 1, 2018 and VS Investment and the Stelmakhs defaulted by failing to pay the balance.  As of November 25, 2019, VS Investment and the Stelmakhs owed BRMK Lending approximately $3,722,105.46 on the loan.  Following the

---

[1] This opinion refers to the Stelmakhs by their first names as needed for clarity. No disrespect is intended.

[2] As appellant VS Developing acknowledges in briefing, "VS Investment is not a party to this action."

[3] A deed of trust is a type of mortgage that involves "'a three-party transaction in which land is conveyed by a borrower, the grantor, to a trustee, who holds title in trust for a lender, the beneficiary, as security for credit or a loan the lender has given the borrower.'" *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 92-93, 285 P.3d 34 (2012) (internal quotation marks omitted) (quoting 18 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: TRANSACTIONS § 17.3, at 260 (2d ed. 2004)).

default, BRMK Lending filed a petition in King County Superior Court pursuant to RCW 7.08.030 for appointment of a receiver to administer VS Investment's assets.

On February 28, 2022, BRMK Lending initiated the foreclosure process for its deed of trust on the subject property. Hacker & Willig (HW), the law firm representing BRMK Lending, was appointed as the successor trustee to conduct the sale of the subject property. The trustee's sale was initially scheduled for June 3, 2022 and statutory notices were sent to all interested parties, including VS Developing and the Stelmakhs. On June 2, VS Developing filed a petition for bankruptcy in the United States Bankruptcy Court in the Western District of Washington. The bankruptcy court dismissed the petition, and on June 27, VS Developing filed another bankruptcy action, which was also dismissed.[4] As a result of those proceedings, the trustee's sale was postponed and ultimately rescheduled for August 19.

The trustee again sent statutory notices pursuant to RCW 61.24.040 to all of the parties. VS Developing neither objected nor sought to enjoin the sale. On August 19, the sale of the subject property occurred on the steps of the Snohomish County Courthouse. Though representatives for VS Developing, its attorney and Viktoria, were present at the trustee's sale, neither objected or otherwise raised any issue with the sale. The sole bidder was BRMK Lending, which, operating through its subsidiary, BRMK PP, received the trustee's deed and became the owner of the subject property. Pursuant to RCW 61.24.060(1), BRMK PP was entitled to possession of the property 20 days after the sale, September 8, 2022.

---

[4] Those cases were *In re VS Dev., LLC*, Case No. 22-10916-MLB (W.D. Wash. June 2, 2022) and *In re VS Dev., LLC*, Case No. 22-11041-CMA (W.D. Wash. June 17, 2022).

However, the Stelmakhs refused to vacate the property. On October 5, BRMK PP filed an unlawful detainer action against them and sought a writ of restitution. On November 14, the trial court ordered the issuance of a writ of restitution and directed the Snohomish County Sheriff's Office (SCSO) to remove the Stelmakhs from the property. On December 14, SCSO restored the subject property to BRMK PP. After retaining possession of the property and spending approximately $300,000 to clean and repair the premises in preparation for sale, BRMK PP accepted a purchase offer for it on May 16, 2023 and scheduled the closing of the sale for June 15.

On May 18, 2023, VS Developing filed a complaint against BRMK PP and HW alleging violations of ch. 61.24 RCW, the foreclosure fairness act, more commonly referred to as the deeds of trust act or "DTA," and ch. 19.86 RCW, the Consumer Protection Act (CPA), seeking injunctive relief to prevent the scheduled sale and to quiet title to the property. VS Developing claimed that BRMK PP violated the DTA by assigning its counsel, HW, as the successor trustee for the subject property and contended that HW "had no authority to foreclose on the [s]ubject [p]roperty, rendering the sale and the [t]rustee's [d]eed null and void." According to VS Developing, because HW represented BRMK PP as legal counsel, HW "could not, by definition, fulfill its role of a neutral judicial substitute and violated the DTA and [CPA] every time it performed any act as the trustee in this case." VS Developing also filed a lis pendens[5] against the subject property.

---

[5] "A 'lis pendens' is an 'instrument having the effect of clouding the title to real property.'" *Guest v. Lange*, 195 Wn. App. 330, 336, 381 P.3d 130 (2016) (quoting RCW 4.28.328(1)(a)).

On May 22, 2023, BRMK PP and HW sent an e-mail to counsel for VS Developing to provide notice of its request that it "dismiss its [c]omplaint and withdraw its [l]is [p]endens immediately." BRMK PP explained that the claims in VS Developing's complaint, which centered on the assertion that it was a violation of the DTA and CPA for HW to act as the trustee in the sale of the subject property, "lack[] any basis in fact and [are] not supported by any controlling legal authority." Further, BRMK PP noted that, because VS Developing was provided with statutory notice and did not seek to restrain the sale prior to the foreclosure, VS Developing had waived any such claims pursuant to RCW 61.24.127(4) because the loan was secured by a commercial property. BRMK PP concluded that the complaint and lis pendens were "clearly meritless" and demanded that VS Developing dismiss them or BRMK PP would file a motion to dismiss and seek sanctions. Two days later, on May 24, counsel for VS Developing responded and expressly refused to remove the lis pendens or dismiss the claims.

On May 31, BRMK PP filed a motion for an order to remove the lis pendens and to dismiss the action to quiet title. First, BRMK PP asserted that an attorney for the beneficiary may legally act as the trustee pursuant to the DTA as shown in *Cascade Manor Associates v. Witherspoon, Kelley, Davenport & Toole, P.S.,* 69 Wn. App. 923, 934-35, 850 P.2d 1380 (1993). Second, BRMK PP insisted that VS Developing's claims were waived because they were brought after the trustee's sale and the failure to raise such claims or attempt to enjoin the sale beforehand operates as a waiver, as explained in *Patrick v. Wells Fargo Bank, N.A.*, 196 Wn. App. 398, 405-07, 385 P.3d 165 (2016). Third, BRMK PP stated that "VS

Developing ha[d] no justification for filing the [l]is [p]endens" and sought its removal along with an award of attorney fees pursuant to RCW 4.28.328(3).

On June 14, 2023, the trial court ordered the removal of the lis pendens after finding there was "no legal basis" for it.[6] On June 16, after converting the motion to dismiss to a summary judgment motion and allowing the parties additional time for briefing under CR 56, the trial court granted summary judgment in favor of BRMK PP and entered an order that dismissed all of VS Developing's claims. The court stated that "any further attempts to thwart the sale of the Priest Point [p]roperty may result in further sanctions," and authorized BRMK PP to bring a motion for sanctions within 30 days. On July 13, BRMK PP moved for an award of sanctions against VS Developing and its counsel and requested attorney fees in the amount of $35,000. On July 21, the trial court granted BRMK PP's motion and ordered VS Developing to pay $35,000 in attorney fees within 30 days. VS Developing failed to pay within the timeframe required by the court and BRMK PP filed a motion for entry of judgment on the fee award. On September 7, the court entered a final judgment against VS Developing in the amount of $35,000 and imposed a postjudgment interest rate of 12 percent.

VS Developing timely appealed.[7]

---

[6] VS Developing sought interlocutory review of the trial court's order to remove the lis pendens and to dismiss the quiet title claim. VS Developing also filed an emergency motion objecting to the supersedeas decision under RAP 8.1(h) or for reversal of the order requiring removal of lis pendens. A commissioner of this court determined that a stay of the trial court's order was not warranted and denied the emergency motion. That ruling mooted VS Developing's petition for discretionary review.

[7] While VS Developing's opening brief includes only three assignments of error, it addresses 15 separate issues. As VS Developing did not designate as part of the record on appeal the relevant orders for its challenges on several issues, those claims are not properly before this court. In its amended notice of appeal, VS Developing failed to designate (1) the denial of its motion to stay the order requiring removal of the lis pendens, (2) the denial of its motion to continue

ANALYSIS

I.      Standard of Review

This court reviews summary judgment rulings de novo.  *Scrivener v. Clark Coll.*, 181 Wn.2d 439, 444, 334 P.3d 541 (2014).  "Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  *Id.*  "A material fact is one on which the outcome of the litigation depends."  *Becerra Becerra v. Expert Janitorial, LLC*, 176 Wn. App. 694, 702, 309 P.3d 711 (2013), *aff'd*, 181 Wn.2d 186, 332 P.3d 415 (2014).  This court "places itself in the position of the trial court and considers the facts in a light most favorable to the nonmoving party."  *Young v. Key Pharms., Inc.,* 112 Wn.2d 216, 226, 770 P.2d 182 (1989).

On summary judgment, "the moving party bears the initial burden of showing the absence of an issue of material fact."  *Id.* at 225.  "The burden then shifts to the nonmoving party to present evidence that an issue of material fact remains."  *Haley v. Amazon.com Servs., LLC*, 25 Wn. App. 2d 207, 216, 522 P.3d 80 (2022).  At this stage, the "nonmoving party must set forth specific facts showing a genuine issue."  *Baldwin v. Sisters of Providence in Wash., Inc.,* 112 Wn.2d 127, 132, 769 P.2d 298 (1989).  "Mere allegations or conclusory statements of fact unsupported by evidence are not sufficient."  *Patrick*, 196 Wn. App. at 405.  On

---

proceedings under CR 56(f), (3) the judgment against the plaintiff, and (4) any orders resulting from "post-judgment supplemental proceedings."  Accordingly, we decline to consider its arguments as to those orders.

Further, VS Developing attached over 200 pages of documents as appendices to its briefing on appeal, in plain contradiction of RAP 10.3(a)(8), without submitting a motion to supplement the record or otherwise seeking permission of this court as required by RAP 9.11(a).  As such, we do not consider those materials either.

review, this court may affirm summary judgment "on any ground supported by the record." *Pac. Marine Ins. Co. v. Dep't of Revenue*, 181 Wn. App. 730, 737, 329 P.3d 101 (2014).

II.     Foreclosure and Restraint Requirements of the DTA

BRMK PP contends that VS Developing has waived any objection to the trustee's sale by failing to follow the restraint requirements of RCW 61.24.130. VS Developing avers that waiver is inapplicable and the "trustee's sale is void because it was not a three-party transaction." BRMK PP is correct.

A.     Nonjudicial Foreclosure

The DTA "creates a three-party mortgage system allowing lenders, when payment default occurs, to nonjudicially foreclose by trustee's sale." *Albice v. Premier Mortg. Servs. of Wash., Inc.*, 174 Wn.2d 560, 567, 276 P.3d 1277 (2012). There are three fundamental goals of the DTA: "an efficient and inexpensive process, adequate opportunities for parties to prevent wrongful foreclosure, and stability of land titles." *Patrick,* 196 Wn. App. at 405. When property is secured by a deed of trust that grants such power to the trustee and the borrower defaults on the underlying payment obligation, "the trustee may usually foreclose the deed of trust and sell the property without judicial supervision." *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 93, 285 P.3d 34 (2012).

B.      Presale Restraint Procedure and Waiver

"RCW 61.24.130 provides a procedure for stopping a trustee's sale." *Patrick*, 196 Wn. App. at 405. It allows any person who has an interest in the property to move to restrain a trustee's sale on "any proper legal or equitable ground." RCW 61.24.130(1). The person must do so before the sale takes place; courts are prohibited from restraining "a trustee's sale unless the person seeking the restraint gives five days['] notice to the trustee." RCW 61.24.130(2). The applicant must also pay the amount "due on the obligation secured by the deed of trust." RCW 61.24.130(1).

As our Supreme Court has made clear, the restraint procedure of RCW 61.24.130 is the "*only* means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." *Cox v. Helenius*, 103 Wn.2d 383, 388, 693 P.2d 683 (1985) (emphasis added). The failure to comply with RCW 61.23.130 "may result in waiver of the right to object to the sale." *Plein v. Lackey*, 149 Wn.2d 214, 227, 67 P.3d 1061 (2003). Under the DTA, "waiver of any postsale challenge occurs where a party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." *Albice*, 174 Wn.2d at 569. Further, "we apply waiver only where it is equitable under the circumstances and where it serves the goals of the act." *Id.* at 570. Our Supreme Court has explained that applying waiver in the circumstances set out in *Albice* serves the three goals of the DTA. *Plein*, 149 Wn.2d at 227-28.

- 9 -

Here, the application of waiver is equitable and appropriate. On February 28, 2022, HW initiated foreclosure and notified VS Developing that the trustee's sale was scheduled for June 3, 2022. VS Developing did not move to enjoin the sale. Rather, VS Developing waited until June 2 and pursued bankruptcy relief. VS Developing ultimately filed two petitions for Chapter 11 bankruptcy in federal court, both of which were dismissed. As a result of those filings, HW rescheduled the trustee's sale for August 19 and again provided notice to VS Developing. Still, VS Developing did not move to restrain the sale. Moreover, then-counsel for VS Developing attended the trustee's sale on August 19, as did Viktoria as its representative, and neither objected to the sale. It was not until *nine months later*, on May 18, 2023, that VS Developing filed its complaint against BRMK PP and HW.

The elements of waiver are plainly established here and VS Developing does not contest that it (1) received timely notice of its right to restrain the trustee's sale, (2) had knowledge of its defense prior to the sale, and (3) failed to pursue the restraint procedure required by RCW 61.24.130. Notably, VS Developing was aware that HW was acting as both the successor trustee and counsel for BRMK PP nearly *six months before* the sale took place but failed to raise this defense until *nine months after* the property had been sold. As the court noted in *Plein*, "'To allow one to delay asserting a defense [until after the sale] would be to defeat the spirit and intent of the trust deed act.'" 149 Wn.2d at 228 (alteration in original) (quoting *Peoples Nat. Bank of Wash. v. Ostrander*, 6 Wn. App. 28, 32, 491 P.2d

1058 (1971)). Accordingly, VS Developing has waived its claims to the subject property.[8]

### C. Alleged Procedural Irregularities

VS Developing contends the sale is void. According to VS Developing, the "requisites" to this "nonjudicial foreclosure were not satisfied because the trustee acted as legal counsel for the beneficiary and could not have served as a neutral third party and judicial substitute." In circumstances where the trustee fails to comply with the requirements of the DTA or conducts the foreclosure proceedings without statutory authority, the trustee's sale may be invalidated regardless of the borrower's failure to seek a presale injunction. *See Albice*, 174 Wn.2d at 575; *Cox*, 103 Wn.2d at 388. Neither of those circumstances are present here.

### 1. Duty of Good Faith

Former versions of the DTA imposed a fiduciary duty on trustees, but in 2008, our legislature expressly eliminated that duty by adding RCW 61.24.010(3). *Bain,* 175 Wn.2d at 94 n.4; LAWS OF 2008, ch. 153, § 1. Under the current version of the statute, in effect at the time of the sale at issue here, the trustee has only a "duty of good faith to the borrower, beneficiary, and grantor." RCW 61.24.010(4). "This duty requires the trustee to remain impartial and protect the interests of all

---

[8] RCW 61.24.127 provides four types of claims that a plaintiff "may not" waive by failing to follow the DTA's presale restraint procedures. *Patrick*, 196 Wn. App. at 406. These include claims for damages premised on allegations of (1) common law fraud or misrepresentation, (2) a violation of the CPA, (3) the trustee's failure to "materially comply" with the DTA, or (4) a violation of RCW 61.24.026. RCW 61.24.127(1).

However, "[t]his section does not apply to the foreclosure of a deed of trust used to secure a commercial loan." RCW 61.24.127(4). Because this was a commercial loan to VS Investment Assoc, secured by property owned by VS Developing, the safe harbor of RCW 61.24.127 is inapplicable and does not preclude waiver of any claim in VS Developing's complaint.

the parties." *Lyons v. U.S. Bank Nat'l Ass'n*, 181 Wn.2d 775, 787, 336 P.3d 1142 (2014). The trustee must "'adequately inform' itself regarding the purported beneficiary's right to foreclose, including, at a minimum, a 'cursory investigation'" *Id*. (quoting *Walker v. Quality Loan Serv. Corp.,* 176 Wn. App. 294, 309-10, 308 P.3d 716 (2013)). To comply with its duty of good faith, the "trustee must treat both sides equally and investigate possible issues using its independent judgment." *Id*. Here, there is *no evidence* showing that HW, as trustee, failed to adequately inform itself of BRMK Lending's right to foreclose on the subject property, treat BRMK Lending and VS Developing equally, investigate potential issues using its own judgment, or otherwise act in compliance with its statutory duty of good faith. When a trustee strictly complies "with their legal obligations under the act, interested parties will have no claim for postsale relief." *Albice*, 172 Wn.2d at 572.

### 2. Counsel for Beneficiary Serving as Trustee

VS Developing identifies no case law or provision of the DTA that prohibits counsel for the beneficiary from serving as the trustee in a nonjudicial foreclosure. "Prior to 1975, the deed of trust act strictly forbade agents, employees, or subsidiaries of a beneficiary to act as a trustee." *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 791 n.13, 295 P.3d 1179 (2013) (citing former RCW 61.24.020 (1965)). Our legislature removed that limitation in 1975. *Id.*; LAWS OF 1975, 1st Ex. Sess., ch. 129, § 2. Thus, while the DTA previously prohibited counsel for the beneficiary from acting as the trustee, our legislature amended the statute nearly 50 years ago to expressly "allow an employee, agent or subsidiary of a beneficiary to also be a

trustee." *Cox*, 103 Wn.2d at 390. "The amendment," our Supreme Court explained in *Cox*, "furthers the general intent of the act that nonjudicial foreclosure be efficient and inexpensive." *Id*.

BRMK PP cites to *Cascade Manor*, in which Cascade argued that the trustee, Currin, violated his fiduciary duties by simultaneously acting as counsel for Bancorp, the beneficiary of the deed of trust. 69 Wn. App. at 934. On review, this court determined there was "no basis to conclude that Currin breached his fiduciary duties as trustee by acting as both the trustee and Bancorp's attorney." *Id*. at 934-35. In rejecting Cascade's claim, the court explained:

> Contrary to Cascade's assertion, *Cox v. Helenius*, 103 Wn.2d 383, 693 P.2d 683 (1985), does not prohibit a trustee from also acting as the attorney for the beneficiary. Instead, *Cox* noted that, although the attorney's dual role could have "precipitated" a breach of fiduciary duties if a conflict of interest arose, such a breach could be prevented if "the person serving as trustee and beneficiary . . . transferr[ed] one role to another person." 103 Wn.2d at 390. While a trustee acting as counsel for one of the involved parties could avoid any risk of conflict when litigation arises by arranging for a substitute trustee, neither *Cox* nor any other authority requires the trustee to do so.

*Id*. at 935 (alterations in original).

In its reply brief, VS Developing insists that "*Cascade* is inapposite." First, it attempts to distinguish this case on the ground that *Cascade* was decided before the legislature amended the DTA to remove both the fiduciary duty that was previously imposed on trustees and the prohibition on an agent of the beneficiary acting as the trustee. However, neither of those amendments support VS Developing's position that counsel for a beneficiary violates the DTA by simultaneously acting as the trustee. Quite the opposite; the amendments show that the legislature, presumably aware of the history of this law, acted within its

authority to eliminate the express restriction on counsel for a beneficiary acting as the trustee, *and* removed the trustee's previous fiduciary duties and obligations, imposing only a duty of good faith. *See* former RCW 61.24.020 (1965); RCW 61.24.010(3), (4).

Second, VS Developing "distinguishes" *Cascade* on the basis that the issue here is not whether HW breached its fiduciary duties, but rather it is whether the trustee's sale "is void because of an actual and impermissible conflict of interest on the part of [HW]." In *Cox*, the court noted that, "[w]here an actual conflict of interest arises, the person serving as trustee and beneficiary should prevent breach by transferring one role to another person." 103 Wn.2d at 390. However, in its opening brief, VS Developing does not even mention the phrase "conflict of interest," let alone provide argument showing an actual conflict of interest in this case.[9] Because this "conflict of interest" argument is raised for the first time in reply, we do not consider it. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration.").

Third, VS Developing claims that, "to the extent *Cascade* does purport to allow an attorney to act as trustee and attorney for beneficiary, *Cascade* was wrongly decided." This is so, VS Developing contends, because "the deed of trust

---

[9] In its sole reference to "impermissible conflict" in the context of the facts of this case, VS Developing does not engage with any controlling authority, but merely presents a factual scenario not present here and asserts that a reasonable jury could reach a number of factual findings which could compound and create "an impermissible conflict for H&W so as to render the completed sale void due to the unlawful actions of the trustee." However, that assertion is premised upon facts involving a "non-contested judicial foreclosure while [H&W] simultaneously serv[ed] as legal counsel to Broadmark." This case involves a late-contested nonjudicial foreclosure, so we need not consider such a factually distinct hypothetical.

would not embody a three-party transaction, which . . . would undermine and be contrary to the very notion of due process and rule of law." Notably, VS Developing does not challenge our Supreme Court's decision in *Cox*, on which this court soundly relied in reaching its decision on this issue in *Cascade*. As neither *Cascade* nor *Cox* have been overruled or abrogated, we reject VS Developing's last-ditch attempt to avoid established case law contrary to its position. As for the bald constitutional due process aspect of this claim, we need not reach the merits. "[P]arties raising constitutional issues must present considered arguments to this court." *City of Tacoma v. Price*, 137 Wn. App. 187, 200, 152 P.3d 357 (2007). "'[N]aked castings into the constitutional sea are not sufficient to command judicial consideration and discussion.'" *Id.* (alteration in original) (quoting *State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992)). Because VS Developing's conclusory "due process" claim is unsupported by relevant authority or adequate argument, it does not warrant review. *Id.*; RAP 10.3(a)(6).

D. Summary Judgment Dismissal

On May 31, 2023, two weeks after VS Developing filed its complaint, BRMK PP and HW moved for an order to dismiss the claim to quiet title and remove the lis pendens filed against the property, which at that time was scheduled to be sold on June 15, 2023. The trial court ordered removal of the lis pendens as there was "no legal basis" supporting it. Regarding the rest of the motion, the court found that it should be treated as one for summary judgment under CR 56 and allowed the parties to supplement their briefing and materials accordingly. On June 16,

after considering the parties' supplemental briefing on the motion, the trial court entered an order dismissing all of VS Developing's claims on summary judgment.

The court's decision to grant summary judgment in favor of BRMK PP and HW was proper. Summary judgment is appropriate where, as here, "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Scrivener*, 181 Wn.2d at 444. The record shows no procedural irregularity that would preclude application of the waiver doctrine and the elements of waiver have all been established. Because VS Developing (1) had notice of its right to seek to enjoin the sale, (2) had knowledge of its defense, and (3) failed to follow the restraint procedure in RCW 61.24.130, its claims are waived. *See Patrick* 196 Wn. App. at 407. As this was a deed of trust used to secure a commercial loan, the safe harbor of RCW 61.24.127(1) does not protect any of VS Developing's claims from waiver. RCW 61.24.127(4). Thus, in the absence of any genuine issue of material fact, the trial court did not err when it granted summary judgment in favor of BRMK PP and HW and dismissed all of VS Developing's claims.[10]

---

[10] VS Developing contends that even if it waived all of its claims relating to the subject property, waiver does not apply to its breach of contract claim in its amended complaint. We disagree.

In its breach of contract claim, VS Developing alleged that the initial agreement with BRMK Lending was for the deed of trust on the subject property to secure no more than $200,000 but BRMK Lending "inserted language into relevant documents to the purported effect that the [subject property] was being used as collateral for the entire [p]roject." On that basis, VS Developing argued that the deed of trust was fraudulent and BRMK Lending wrongfully foreclosed on the subject property. This claim is also waived. Again, this was a deed of trust used to secure a commercial loan, and thus, there is no safe harbor protecting this claim from waiver under the DTA. RCW 61.24.130, .127.

III.    Removal of Lis Pendens

VS Developing also avers the trial court erred when it ordered the removal of the lis pendens.  We disagree.

Pursuant to RCW 4.28.320, "a party in an action affecting title to real property may file a notice, or lis pendens, with the county auditor regarding the pendency of the action."  *134th St. Lofts, LLC v. iCap Nw. Opportunity Fund, LLC*, 15 Wn. App. 2d 549, 557, 479 P.3d 367 (2020).  This filing provides "constructive notice to third parties that the title may be clouded."  *Guest v. Lange*, 195 Wn. App. 330, 336, 381 P.3d 130 (2016).

Under RCW 4.28.320, the trial court "may, at its discretion, at any time after the action shall be settled, discontinued or abated, on application of any person aggrieved and on good cause shown and on such notice as shall be directed or approved by the court, order the notice authorized in this section to be canceled."  Accordingly, three conditions must be met for the trial court to cancel a lis pendens: "(1) the action must be settled, discontinued, or abated, (2) an aggrieved person must move to cancel the lis pendens, and (3) the aggrieved person must show good cause and provide proper notice."  *Guest*, 195 Wn. App. at 336.  So long as those conditions are satisfied, the trial court has discretion to cancel a lis pendens.  *Id*.  "A court abuses its discretion when a decision is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons."  *Malvern v. Miller*, 24 Wn. App. 2d 173, 179, 520 P.3d 1045 (2022).

Here, VS Developing argues that the first and third conditions were not met.  The record shows otherwise.  Because VS Developing waived its claims to the

subject property by failing to comply with the restraint procedures under the DTA, the first condition was satisfied. Additionally, as BRMK PP provided notice via e-mail to VS Developing before moving for an order to remove the lis pendens and showed good cause to cancel the lis pendens, specifically that VS Developing had waived its challenges to the foreclosure by failing to follow the restraint procedures set out in the DTA, the third condition was also met. Thus, the trial court had discretion to cancel the lis pendens. Because the order to remove the lis pendens rests on the tenable ground that there was "no legal basis for the filing of a [l]is [p]endens against the subject property," the trial court did not abuse its discretion. *See id.*

IV. Attorney Fees

A. Award at Trial

VS Developing assigns error to the trial court's award of attorney fees to BRMK PP under the lis pendens statute. "We review the legal basis for an award of attorney fees de novo and the reasonableness of the amount of an award for abuse of discretion." *Hulbert v. Port of Everett*, 159 Wn. App. 389, 407, 245 P.3d 779 (2011). "A court abuses its discretion if its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons." *Id*.

A "party who files a wrongful lis pendens may be liable in damages for doing so." *Samra v. Singh*, 15 Wn. App. 2d 823, 839, 479 P.3d 713 (2020). In relevant part, the lis pendens statute provides as follows:

> Unless the claimant establishes a substantial justification for filing the lis pendens, a claimant is liable to an aggrieved party who prevails in defense of the action in which the lis pendens was filed for actual

damages caused by filing the lis pendens, and in the court's discretion, reasonable attorneys' fees and costs incurred in defending the action.

RCW 4.28.328(3). "Damages and fees are appropriate where the claimants provide no evidence of a legal right to the property." *S. Kitsap Fam. Worship Ctr. v. Weir*, 135 Wn. App. 900, 912, 146 P.3d 935 (2006). However, "where the claimants have a reasonable, good faith basis in fact or law for believing they have an interest in the property, a lis pendens is substantially justified." *Id*.

In the order awarding attorney fees to BRMK PP, the trial court found that "there was no legal basis, justification, or substantial justification per RCW 4.28.328(3) for the filing of the lis pendens." On this issue, VS Developing recites the same argument to which it has clung throughout the proceedings in the trial court and now on appeal, which is that "the statutory requisites to the contested nonjudicial foreclosure were not satisfied as the trustee acted as legal counsel to the beneficiary." This position is baseless. Because VS Developing failed to seek a presale injunction and no procedural irregularity occurred to preclude waiver, there was no substantial justification for filing the lis pendens. Accordingly, the trial court did not err when it awarded attorney fees under RCW 4.28.328.[11]

---

[11] VS Developing does not challenge the amount of the award. Rather, it simply notes that "even if there were no substantial justification, the award of attorney's fees is still purely discretionary, and not mandatory." Because VS Developing offers no argument as to the reasonableness of the amount awarded, we do not consider whether the trial court abused its discretion in awarding the sum of $35,000. *See Timson v. Pierce County Fire Dist. No. 15*, 136 Wn. App. 376, 385, 149 P.3d 427 (2006) ("[W]e will not review an issue that was addressed by an inadequate argument or that is given only passing treatment.").

B.      Attorney Fees on Appeal

BRMK PP requests attorney fees and costs on appeal pursuant to RCW 4.84.330 and RAP 18.1.   Under RCW 4.84.330, when a contract specifically provides that attorney fees and costs incurred to enforce the provisions of that contract shall be awarded to one of the parties, "the prevailing party . . . shall be entitled to reasonable attorneys' fees in addition to costs."  The terms of the deed of trust provide for attorney fees and costs and BRMK PP prevailed in the trial court and prevails again on appeal.  Accordingly, we award BRMK PP attorney fees and costs incurred on appeal, subject to compliance with RAP 18.1.

Affirmed.

WE CONCUR:

- 20 -